541 A.2d 9

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Michael L. SILVERMAN.**

Superior Court of Pennsylvania.

Argued Dec. 10, 1987.

Filed April 18, 1988.

---

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellant.

Michael J. Healey, Pittsburgh, for appellee.

Before ROWLEY, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the Order of the Court of Common Pleas of Allegheny County, Criminal Division, entered April 12, 1985, granting the appellee's, Michael L. Silverman's, motion to suppress evidence. We reverse.

On or about January 11, 1984, appellee was charged with one (1) count of receiving stolen property (18 Pa.C.S.A. § 3925). The charge was filed as the result of a search of appellee's apartment on January 11, 1984. The search was conducted pursuant to a search warrant issued on that day by District Justice Raymond L. Casper.

On July 10, 1984, appellee, through his trial counsel, filed a motion to suppress evidence, alleging that the search warrant in question lacked probable cause. On February 13, 1985, an evidentiary hearing was held, and appellee's motion was granted on April 12, 1985.

On April 25, 1985, the Commonwealth filed a notice of appeal and petitioned the lower court to extend the time for trial in view of the pending appeal.

The Commonwealth presents one issue for our review on appeal: whether the lower court erred in granting the appellee's motion to suppress evidence seized pursuant to a warrant as the totality of circumstances presented to the issuing magistrate would support a finding that probable cause existed for the issuance of the search warrant in question.

Before discussing the merits of the Commonwealth's claim, we must determine whether the Order appealed from in the instant case is final. In *Commonwealth v. Dugger*, 506 Pa. 537, 546–547, 486 A.2d 382, 386 (1985), the Pennsylvania Supreme Court held:

> [T]he Commonwealth's appeal of a suppression order is proper as an appeal from a final order when the Commonwealth certifies in good faith that the suppression order terminates or substantially handicaps its prosecution.

Since the record shows that the certification requirement has been satisfied in the case at bar, we hold that the Commonwealth has an absolute right of appeal to this Court to test the validity of a pre-trial suppression order. *Id.*

In *Commonwealth v. Hubble*, 509 Pa. 497, 503, 504 A.2d 168, 171 (1986), the Court identified the appropriate standards of appellate review of suppression court's rulings:

> On review, our responsibility is 'to determine whether the record supports the factual findings of the court below and the legitimacy of the inferences and legal conclusions drawn from those findings.' *Commonwealth v. Goodwin*, 460 Pa. 516, 521, 333 A.2d 892, 895 (1975).

In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court established the current requirements for the issuance of a search warrant based on information received from confidential informants, and the standard of review to be applied to such an action. These requirements were adopted by Pennsylvania in *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985).

Prior to 1983, the standards applied in such cases was the rigorous *Aguilar–Spinelli* two-prong test. Under the test established in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), the affidavit must demonstrate, on its face, *both* the circumstance by which the informant knew of the criminal activity and the basis for finding the informant reliable. *Commonwealth v. Gray*, supra.

Now, under *Illinois v. Gates*, supra, and *Commonwealth v. Gray*, supra, the standard for evaluating probable cause for the issuance of a search warrant based on information received by confidential informants consists of an analysis of the totality of circumstances. In *Commonwealth v. Gray*, 509 Pa. at 483, 503 A.2d at 925, the Pennsylvania Supreme Court reiterated the new test for analyzing warrants set forth in *Illinois v. Gates*, supra, 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing] that probable cause existed." *Jones v. United States*, [362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)].

278

In the instant case, the affidavit of probable cause presented by Detective Gary W. Anderson of the McCandless Police Department to District Justice Raymond L. Casper reads as follows:

On 1–11–84 at approx. 3:00 A.M. your affiant received information from P.O. Leo Rudski of the Sharpsburg police an associate of your affiant and a sworn law enforcement officer for the boro of Sharpsburg, Pa. for the past several years that information had been received from an annonymous [sic] source that the above listed items that were stolen in a burglary in the Town of McCandless were at the above location. Rudski explained that at approx. 2:25 A.M. 1–11–84 Ms. Pat Kutzer a police dispatcher for the Shaler P.D. received an annonymous [sic] call from an unidentified man who stated that he wished to pass a tip onto the Sharpsburg P.D. because they had done him a favor and he wished to repay them. The person stated that Silverman had committed a burglary at a David Weis Store and had stolen jewlery [sic] which he presently has hidden in the above apartment. The jewelry that Silverman has is said to still have Weis price or merchandise tags attached and according to the informant has a value of approx. $40,000. The informant further related that Silverman is living at the above apt. with a woman whose first name is Carol and that the jewlry [sic] will be removed from the apt. the first thing in the morning of 1–11–84. The Shaler P.D. attempted to obtain a telephone number for the informant so that added info could be obtained but the caller would not provide this info. P.O. Rudski went to the apt. bldg in an attempt to investigate and corroborate this information. The informant stated that once in the bldg. there are steps that lead to apt. 101. Rudski found this description to be accurate, additionally Rudski checked the area of the apt. bldg. and in particular the area where residents of the bldg park their vehicles, and by registration number identified a vehicle that is owned by a Mary Ann Silverman who is related to Michael Silverman. Additionally Rudski checked the mailbox for apt. 101 and found

the initials on the box were CSM. These initials correspond with the information given by the informant as it related to Carol. Silverman is a known criminal with a previous arrest and conviction record for theft RSP etc. and is known to have committed crimes in the North Hills area and is known by the Sharpsburg Police to be living in their area. The McCandless Police are presently conducting an investigation into a burglary that occurred at the David Weis Co. store in Wexford, Pa. that occurred the beginning of January 1984 where a large amount of jewlery [sic] was stolen. Preliminary estimates by the company indicate that approx. $40,000 worth of jewlery [sic] was stolen. Based on the information received from the annonymous [sic] tip and the independent corroboration of most of the information by associates of your affiant a search warrant for the above premises is requested to search for jewlery [sic] belonging to the David Weis Co. that is stolen property and the possession of same is contrary to Pa. law.

(Docket Entry 2).

The lower court determined that the affidavit on its face was inadequate to establish probable cause in that "1) the reliability of the informant was not sufficiently established; 2) the affidavit does not state the circumstances under which the informant obtained the information; and, 3) the police should have corroborated the tip by conducting surveillance to verify that criminal activity was, in fact, afoot at the location specified by the informant." (Appellant's Brief, p. 12). (Opinion, pp. 6–9). We disagree.

Under the *Gates* totality of circumstances approach, we find the warrant in this case to be valid.

District Justice Casper, the issuing authority, learned the following facts from the affidavit presented by Detective Gary W. Anderson:

    (1) Detective Anderson was a police officer with the McCandless Police Department.

(2) Officer Leo Rudski, Jr., was a police officer with the Sharpsburg Police Department.

(3) Detective Anderson sought a warrant to search for evidence of a burglary based on information from an anonymous informant who spoke by telephone with Patricia L. Kutzer, a police dispatcher with the Shaler Police Department, at 2:25 a.m. on January 11, 1984.

(4) The informant stated that appellee had stolen jewelry from a David Weis store.

(5) The informant further stated that the jewelry in question was hidden at appellee's residence.

(6) The informant also related that the merchandise still had store tags on it and had an approximate value of $40,000.

(7) The informant stated that the goods were to be moved in the morning, i.e., the morning of January 11, 1984.

(8) According to the informant, appellee's residence was 614 Main Street, Apartment 101, Sharpsburg, Pennsylvania, where he lived with a woman named Carol.

(9) Detective Anderson verified through Officer Rudski who went to the area that there was a residence at 614 Main Street, Apartment 101, Sharpsburg, Pennsylvania, and that a person with the initials, CSM, lived there since these initials were found on the mailbox for Apartment 1.

(10) Detective Anderson verified through Officer Rudski that a car registered to a Mary Ann Silverman was parked in a particular area where residents of the building parked their vehicles.

(11) Detective Anderson verified that a burglary of a David Weis store in Wexford occurred in the beginning of January, 1984 and the matter was under investigation by the McCandless Police Department.

(12) Detective Anderson verified that approximately $40,-000 worth of jewelry was stolen from the store.

(13) Detective Anderson verified that appellee had an arrest and conviction record for prior theft offenses.

(14) Given the above facts, Detective Anderson believed that a search of appellee's residence at 614 Main Street, Apartment 1, was reasonable and justified by probable cause.

(Docket Entry 2). (Appellant's Brief, pp. 15–16).

In *Commonwealth v. Gray*, supra, 509 Pa. at 485, 503 A.2d at 926, which also dealt with an anonymous informant, the Pennsylvania Supreme Court held:

.... Although the affidavit does not show on its face that this informant is especially credible or reliable, the whole affidavit contains facts consistent with it. Their total effect confirms it with the ring of truth which is sufficient for men of common sense to conclude that a search is reasonable and justified by probable cause. Three people, one police officer and two confidential informants, have stated that appellant is a known drug dealer. A third confidential informant says he saw twenty pounds of marijuana and that appellant carried this quantity in his car. Viewed together, these allegations raise a fair inference that appellant was in possession of a substantial quantity of a controlled substance. Thus, there was probable cause for the issuance of the search warrant under *Gates*.

Thus, in applying the *Gates* test, the same holds true in the instant case. The affidavit in this case, as in *Gray*, supra, does not show on its face that the anonymous informant is credible or reliable. However, the whole affidavit contains facts that are consistent with the informant's disclosure. As in *Gray*, supra, "[t]heir total effect confirms it with the ring of truth which is sufficient for men of common sense to conclude that a search is reasonable and justified by probable cause." 509 Pa. at 485, 503 A.2d at 926.

In the case at bar, an anonymous informant offered unsolicited information concerning a burglary at a David Weis store and appellee's involvement with it to the police. The informant stated that he wished to pass the tip on to the Sharpsburg Police Department because he wished to repay them for a favor that they had done for him. (Docket Entry 2).

Therefore, Officer Rudski of the Sharpsburg Police Department, upon receiving the information from Patricia Kutzer, a police dispatcher with the Shaler Police Department, at approximately 3:00 a.m., actually went out to the area where the apartment in question was located in order to verify the story as told by the informant. He found the information as presented to be truthful.

In addition, information was inspected concerning the burglary of a David Weis store in Wexford in the beginning of January 1984, which the McCandless Police were investigating. In this instance, the information as presented by the informant as to the details concerning the type and cost of merchandise taken during the burglary was also found to be truthful.

And finally, appellee was known to have a prior arrest and conviction record for thefts and was known by the Sharpsburg Police to be living in their area at that time.

Thus, viewed together, all the allegations presented in the affidavit raise a fair inference that the contraband described by the informant would be discovered in a search of appellee's residence. Therefore, we find that, pursuant to the *Gates* totality of circumstances test, the current standard for determining probable cause, probable cause existed for the issuance of the search warrant in question and that the lower court improperly granted appellee's motion to suppress evidence.

Order reversed and case remanded for proceedings consistent with this opinion.

Jurisdiction is relinquished.