POPOVICH, Judge:
 

 This is an appeal from the order of January 6, 1994, entered in the Court of Common Pleas of Somerset County granting appellees’ pre-trial suppression motion. Herein, the Commonwealth contends that the lower court committed an error of law in ruling that the affidavit in support of the search warrant lacked probable cause. We affirm.
 
 [1]
 

 Before addressing the merits of the Commonwealth’s contention of error, we recount the history of this case. In January, 1993, during a drug investigation in Maryland of a suspect known as “Wright”, Maryland officers received information from a “concerned citizen” that appellees were in possession of a large quantity of marijuana located at their residence in Pennsylvania.
 
 [2]
 
 On January 27, 1993, Officer Larry Bennett of the Allegheny County, Maryland Drug Task Force and Maryland State Trooper Jack Matthews contacted Officer Jeffrey Dombrosky of the Somerset County, Pennsylvania Drug Task Force in regard to the aforesaid information. On that date, Officer Dombrosky submitted an affidavit of
 
 *236
 
 probable cause in support of a search warrant to the district justice. The affidavit provided the following information:
 

 1. Your affiant, Det. Jeffrey P. Dombrosky, has been a police officer for the last five years. I am currently assigned as County detective with the Somerset County Drug Task Force, and have held this position for the past two years.
 

 2. On 01/27/93 your affiant received the following information, from Officer Larry BENNETT of the Allegheny Drug Task Force in Cumberland Maryland. Officer BENNETT has been a Police Officer for the last six years, and is a reliable source of information.
 

 3. On 01/27/93, Officer BENNETT interviewed a confidential informant, whom he knows is reliable due to his/her cooperation in a current drug investigation in the Cumberland [Maryland] area. This informant was advised of the crime of False Reports to Law Enforcement Officers, and stated he understands that if he provides false information he would be procescutted [sic]. The informant is familiar with Marijuana and other durgs [sic], due to his past experience as a drug user.
 

 4. The informant advised BENNETT that he was at the residence, of one Robert Allen WILKINSON in or near WELLERSBURG Pa. Somerset County, within the last 48 hrs. The informant stated that he observed a large quantity of Marijuana on the kitchen table. The informant stated that it was approximately fifty pounds of Marijuana. He stated that Wilkinson and several other people were at the residence seperating [sic] the marijuana into one pound bags, using one gallon zip lock bags. The informant also stated that he knows that some of the marijuana was transported to a residence in Maryland and that at least half of it was left at the Wilkinson residence.
 

 5. On 01/27/93 your affiant received information from Trooper Jack MATTHEWS of the Maryland State Police. Trooper MATTHEWS along with other members of the Maryland Drug Task Force served a search warrant on a residence in Maryland using the information provided by
 
 *237
 
 Officer BENNETT’S informant. MATTHEWS advised me that they did recover marijuana and drug paraphernalia from that residence.
 

 6. I request a nighttime [sic] search warrant (10pm to 6am) due to the fact that the individual which was served with the search warrant in Maryland could possibly notify WILKINSON and the marijuana at his residence could be moved or destroyed.
 

 7. On 01/27/93 your affiant spoke with a local resident of the Wellersburg area. This individual advised me that it is “rummored” [sic] in the community that WILKINSON is involved in the selling of drugs at his residence.
 

 Due to the totalitty [sic] of the circumstances and my training and experience as a police officer, I feel that there is marijuana concealed in the WILKINSON residence, and I feel that a warrant to be issued at this time.
 

 Suppression Hearing 12/29/93, “Commonwealth’s Exhibit A”.
 

 Upon evaluation of the affidavit, the district justice found probable cause to issue a search warrant. The search of appellees’ residence uncovered twenty-two and one-half (22.5) grams of marijuana. Appellees were charged with possession of a controlled substance.
 
 [3]
 
 Appellees filed motions to suppress the marijuana and all other evidence seized on the ground that the warrant was defective. Appellees asserted that the affidavit failed to establish that the information was reliable. On December 29, 1993, the lower court held a hearing on appellees’ omnibus pre-trial motions. On January 6, 1994, the court below entered an order granting appellees’ motions to suppress evidence seized at their residence. This appeal by the Commonwealth followed.
 

 In
 
 Commonwealth v. Baker,
 
 532 Pa. 121, 615 A.2d 23 (1992), our Supreme Court articulated the following guidelines in assessing the sufficiency of an affidavit:
 

 [T]he legal principles applicable when reviewing the sufficiency of an affidavit to determine whether it establishes the probable cause necessary for the issuance of a warrant are
 
 *238
 
 well established. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search.
 
 Commonwealth v. Davis,
 
 466 Pa. 102, 351 A.2d 642 (1976);
 
 Commonwealth v. Jackson,
 
 461 Pa. 632, 337 A.2d 582,
 
 cert. denied,
 
 423 U.S. 999, 96 S.Ct. 432, 46 L.Ed.2d 376 (1975);
 
 Commonwealth v. D’Angelo,
 
 437 Pa. 331, 263 A.2d 441 (1970). The information offered to demonstrate probable cause must be viewed in a common sense, nontechnical, ungrudging and positive manner.
 
 Commonwealth v. Edwards,
 
 493 Pa. 281, 426 A.2d 550 (1981);
 
 Commonwealth v. Conner,
 
 452 Pa. 333, 305 A.2d 341 (1973);
 
 Commonwealth v. Simmons,
 
 450 Pa. 624, 301 A.2d 819 (1973). It must also be remembered that probable cause is based on a finding of the probability, not a
 
 prima facie
 
 showing of criminal activity, and that deference is to be accorded a magistrate’s finding of probable cause.
 
 Commonwealth v. Council,
 
 491 Pa. 434, 444, 421 A.2d 623, 628 (1980)____ And the duty of the reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding that probable cause existed.”
 
 Commonwealth v. Gray,
 
 509 Pa. 476, 503 A.2d 921 (1986),
 
 citing Illinois v. Gates,
 
 462 U.S. 213, at 236, 103 S.Ct. 2317, at 2332, 76 L.Ed.2d 527, at 547 (1983).
 

 Baker,
 
 532 Pa. at 126, 615 A.2d at 25. “The propriety of the grant of a search warrant to an affiant must be judged solely upon the information before the district justice at the time of its issuance.”
 
 Commonwealth v. Weidenmoyer,
 
 518 Pa. 2, 8, 539 A.2d 1291, 1294 (1988) (citations omitted). “The magistrate’s decision must be based on the four corners of the affidavit in support of the issuance of the warrant----”
 
 Commonwealth v. Dennis,
 
 421 Pa.Super. 600, 617, 618 A.2d 972, 981 (1992),
 
 citing, Commonwealth v. Way,
 
 342 Pa.Super. 341, 492 A.2d 1151 (1985).
 

 Against the backdrop of the foregoing authorities, we turn to the Commonwealth’s claim that the affidavit provided sufficient information for the issuance of a search warrant. Specifically at issue in this case is whether the informant whom the
 
 *239
 
 Maryland authorities used in their drug investigation was reliable and whether that informant’s information about the presence of marijuana at appellees’ residence in Pennsylvania was corroborated. The lower court determined that the district justice did not have a substantial basis for concluding that probable cause existed. The court found that both reliability and corroboration were lacking from the information provided in the affidavit. Trial Opinion 1/6/94 at 6-7.
 

 The Commonwealth contends that the information provided highly specific descriptions of the illegal conduct and was thus presumptively credible. The Commonwealth also maintains that the search in Maryland was completed successfully before the affidavit was drafted and submitted to the district justice in Pennsylvania. Further, the Commonwealth argues that a first-time-informant is not
 
 per se
 
 unreliable. Commonwealth’s Brief at 16-17.
 

 In the cases cited by the Commonwealth in its brief to buttress the aforementioned contentions, the informant’s story was corroborated by another source. The cases cited by the Commonwealth are as follows:
 
 Commonwealth v. Healey,
 
 331 Pa.Super. 199, 480 A.2d 313 (1984) (informant had given reliable information in unrelated case involving different defendant);
 
 Commonwealth v. Covert, 322
 
 Pa.Super. 192, 469 A.2d 248 (1983) (information corroborated by police inquiry and surveillance);
 
 Commonwealth v. Prokopchak,
 
 279 Pa.Super. 284, 420 A.2d 1335 (1980) (information corroborated by police surveillance of defendant’s home revealing drug activity);
 
 Commonwealth v. Marzel,
 
 291 Pa.Super. 553, 436 A.2d 639 (1981) (police officer’s impression of on-going criminal activity was corroborated by information supplied by numerous informants);
 
 Commonwealth v. Bove,
 
 221 Pa.Super. 345, 293 A.2d 67 (1972) (affidavit lacked probable cause where there was no evidence of criminal activity other than information supplied by informer).
 

 From our view of the those cases and other cases involving questions of the propriety of search warrants decided subsequent to
 
 Commonwealth v. Gray, 509
 
 Pa. 476, 503
 
 *240
 
 A.2d 921 (1985), we find that the determination of whether the information supporting the issuance of the warrant is sufficiently reliable to establish probable cause often hinges upon whether that information is corroborated.
 
 [4]
 
 Here, although a successfully completed drug investigation in Maryland may have afforded some evidence of reliability to the informant’s story that marijuana was located at appellees’ residence in Pennsylvania, we conclude that, upon examining the affidavit’s language in its totality, probable cause is lacking.
 

 In
 
 Gray,
 
 our Supreme Court evaluated the facts of the affidavit in conjunction with one another to determine whether “[tjheir total effect confirms [the informant’s reliability] with the ring of truth which is sufficient for men of common sense to conclude that a search is reasonable and justified by probable cause.” 509 Pa. at 485, 503 A.2d at 926. In that case, the informant’s story was corroborated by a police officer and two confidential informants who stated the defendant was a known drug dealer. A third confidential informant stated that he saw the defendant in possession of twenty pounds of marijuana.
 
 Id.
 
 at 485, 503 A.2d at 926. Our Supreme Court concluded, “[v]iewed together, these allegations raise a fair inference that appellant was in possession of substantial quantity of a controlled substance.”
 
 Id.
 
 at 485-86, 503 A.2d at 926.
 

 The Commonwealth directs us to paragraph seven (7) of the affidavit and suggests that the informant’s story was corroborated by a Wellersburg area resident apprising Officer Dombrosky that appellee, Robert Wilkinson, was rumored in the community to be involved in the selling of drugs from his residence. We, however, are convinced that the information supplied in paragraph seven (7) of the affidavit is tenuous and suspect. The affidavit is devoid of facts revealing whether
 
 *241
 
 that Wellersburg area resident had been a confidential informant or whether he or she had witnessed appellees in possession or distribution of marijuana.
 
 Contrast Commonwealth v. Baker,
 
 532 Pa. 121, 615 A.2d 23 (1992) (informant’s story-corroborated by first-hand observation that defendant sold cocaine);
 
 Commonwealth v. Weidenmoyer,
 
 518 Pa. 2, 539 A.2d 1291 (1988) (eyewitness’ story corroborated by informant who gave prior reliable information and by additional informants). Further, that Wellersburg area resident’s information is not independently corroborated.
 
 Compare Commonwealth v. Lemanski,
 
 365 Pa.Super. 332, 529 A.2d 1085 (1987) (tips not adequately corroborated by an independent source). The affidavit does not reveal whether any law enforcement agency had observed or even investigated any drug activity involving appellees or whether appellees had a prior record for unlawful possession of distribution of drugs.
 
 Contrast Commonwealth v. Karns,
 
 389 Pa.Super. 58, 566 A.2d 615 (1989),
 
 appeal denied
 
 525 Pa. 632, 578 A.2d 927 (corroboration from defendant’s prior arrest record; independent police investigation verifying informants’ story; informants’ stories corroborating one another);
 
 Commonwealth v. Silverman,
 
 373 Pa.Super. 274, 541 A.2d 9 (1988) (police officer verifying informant’s story by going to scene of crime to make observation; defendant was known to have prior arrests and conviction for same crimes as reported by informant). Clearly, the affidavit fails to offer any adequate statements of corroboration.
 

 We are mindful that deference is accorded to the magistrate’s finding of probable cause for the issuance of a search warrant.
 
 See Baker,
 
 532 Pa. at 126, 615 A.2d at 25. However, we are also cognizant that our duty in reviewing the validity of a warrant is to ensure that the magistrate had a substantial basis for that determination.
 
 See id.
 
 From our careful examination of the affidavit, we find that the magistrate did not properly analyze the affidavit in light of the “totality of the circumstances” standard embraced by our courts. We conclude that the lower court did not commit an error of law in granting appellees’ pre-trial suppression mo
 
 *242
 
 tion. Consequently, we affirm the order entered by the court below.
 

 Order affirmed.
 

 [1]
 

 . Upon review of the record, we find that the Commonwealth has certified that the order in question substantially handicaps its prosecution. Hence, we have jurisdiction to entertain this appeal.
 
 See Commonwealth v. Dugger,
 
 506 Pa. 537, 486 A.2d 382 (1985) (appealability from suppression order is proper where Commonwealth certifies in good faith that order terminates or substantially handicaps its prosecution).
 

 [2]
 

 . The person who contacted the Maryland officers was called a "concerned citizen” rather than a "confidential informant” because at that time he or she was not currently registered as an informant with Maryland authorities. Suppression Hearing N.T. 12/29/93 at 41-42. In its opinion, the lower stated that for unknown and peculiar circumstances that person went from being designated as a “concerned citizen” to a "confidential informant”. Trial Opinion 1/6/94 at 3 n. 1. Hereinafter, we refer to that person as the informant.
 

 [3]
 

 . 35 Pa.S.A. § 780-113(a)(16).
 

 [4]
 

 . In
 
 Gray,
 
 our Supreme Court held that the "totality of circumstances” test was the controlling standard in Pennsylvania for viewing the validity of search warrants. 509 Pa. 476, 503 A.2d 921.
 
 See Commonwealth v. Silverman,
 
 373 Pa.Super. 274, 541 A.2d 9 (1988),
 
 appeal dismissed,
 
 522 Pa. 510, 564 A.2d 160 (1989) (explanation of
 
 AguilarSpinelli
 
 two-prong test in relationship to the "totality of circumstances” test as espoused by the United States Supreme Court in
 
 Illinois v. Gates,
 
 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)).