685 A.2d 1014

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Michael W. LECHNER, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 9, 1996.

Filed Nov. 22, 1996.

458

Iva C. Dougherty, Assistant District Attorney, Reading, for Commonwealth, appellant.

Lawrence J. Hracho, Reading, for appellee.

Before TAMILIA, SCHILLER and MONTEMURO,* JJ.

MONTEMURO, Judge:

This is an appeal by the Commonwealth from an order of the Berks County Court of Common Pleas granting a motion to suppress methamphetamine and drug paraphernalia found in a tow truck driven by Appellee, Michael Lechner.[1] The suppression court found that the police lacked probable cause to conduct a warrantless search of Appellee and his truck, therefore, the search was illegal. We agree and, accordingly, affirm.

On July 13, 1995, at approximately 7:30 p.m., Detective Andrea L. Kohut of the Berks County Narcotics Enforcement Team received a page from a unknown confidential informant. She called the informant who advised her that, in a few minutes, Michael Lechner would be leaving K.C. Auto Body on Route 422 in Exeter with a quantity of methamphetamine in his tow truck, described as a black, flatbed, rollback tow truck which displayed the words "K.C. Auto Body" on the door. Further, the informant indicated that Appellee would be delivering the methamphetamine to the informant's location, a house in the 100 block of West 47th Street in Exeter. The informant's location was a distance of approximately two (2) and one half (1/2) blocks away from K.C. Auto Body. This delivery was arranged pursuant to a conversation the informant had with Appellee immediately prior to contacting Detective Kohut.

* Retired Justice Assigned to the Superior Court.

1. The Commonwealth certified that the suppression order in the instant case substantially handicaps and terminates the case against Appellee by suppressing essential Commonwealth evidence. Therefore, this appeal is properly before this court. 42 Pa.C.S.A. § 5105(a); *Commonwealth v. Dugger*, 42 Pa.C.S.A. § 5105(a); 506 Pa. 537, 486 A.2d 382 (1985).

Based on the informant's tip, Detective Kohut dispatched an Exeter Township police officer to K.C. Auto Body to follow Appellee, and she also arranged for a police car to be placed in the 100 block of West 47th Street with its hood up, feigning automotive failure. As predicted, Appellee promptly left K.C. Auto Body driving a black, flatbed, rollback tow truck, stopped briefly at Boscov's department store, and then continued to the 100 block of West 47th Street. After approaching the 100 block of West 47th Street, Appellee stopped his truck to render aid to the police officer in distress. The officer asked Appellee to get out of the truck, patted him down for weapons, conducted a warrantless search of the truck, and placed Appellee under arrest. The search of the truck uncovered various packages of narcotics and drug paraphernalia. Appellee was subsequently charged in Berks County with possession,[2] possession with intent to deliver[3] methamphetamine, and possession of drug paraphernalia.[4] Appellee filed an Omnibus Pre–Trial Motion in the nature of a Motion to Suppress the evidence obtained from the truck, and a hearing was held. On February 27, 1996 the suppression court ordered the suppression of the evidence found in Appellee's truck, concluding that the police lacked probable cause to search Appellee and his truck. This timely appeal followed.

In reviewing an appeal by the Commonwealth from an order suppressing evidence, "we consider only the evidence of the defendant's witnesses and so much of the Commonwealth evidence that, read in the context of the record as a whole, remains uncontradicted." *Commonwealth v. Evans,* 443 Pa.Super. 351, 355, 661 A.2d 881, 883 (1995). We are bound by only those factual findings made by the suppression court which are supported by the record, and thereafter must determine whether the legal conclusions and inferences drawn from those facts are legitimate. *Commonwealth v. Walker,* 540 Pa. 80, 94, 656 A.2d 90, 97, *cert. denied,* —— U.S. ——, 116 S.Ct. 156, 133 L.Ed.2d 100 (1995). As a result, we may

2. 35 Pa.C.S.A. § 780–113(a)(16).

3. 35 Pa.C.S.A. § 780–113(a)(30).

4. 35 Pa.C.S.A. § 780–113(a)(32).

reverse only if the legal conclusions drawn from the factual findings are erroneous. *Commonwealth v. Rosario,* 438 Pa.Super. 241, 263, 652 A.2d 354, 365 (1994).

This Court has consistently recognized the well-established principle that the Fourth Amendment to the United States Constitution [5] and Article I, § 8 of the Pennsylvania Constitution [6] protect citizens from unreasonable searches and seizures and, to that end, a search conducted without a warrant is generally presumed unreasonable unless it is undertaken pursuant to a recognized exception to the warrant requirement. *Evans,* 443 Pa.Super. at 357, 661 A.2d at 883–84. Our supreme court has recognized an exception to this general rule whereby police may search an automobile without a warrant where:

> (1) there is probable cause to believe that an automobile contains evidence of criminal activity; (2) unless the car is searched or impounded, the occupants of the automobile are likely to drive away and contents of the automobile may never again be located by police; and (3) police have obtained this information in such a way that they could not have secured a warrant for the search, i.e., *there are exigent circumstances.*

*Commonwealth v. White,* 543 Pa. 45, 51–53, 669 A.2d 896, 900 (1995).[7] In the present case, the suppression court found that

---

**5.** "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV.

**6.** "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to the affiant." PA. CONST. art. I, § 8.

**7.** Under *White,* the Pennsylvania Supreme Court determined that Article I, § 8 of the Pennsylvania Constitution provides greater protection than the Fourth Amendment to the United States Constitution with regard to warrantless searches of automobiles by requiring police to show probable cause and exigent circumstances before searching an

the police lacked probable cause to search Appellee's truck, therefore, the search conducted without a warrant was illegal.

The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. *Commonwealth v. Talley,* 430 Pa.Super. 351, 357, 634 A.2d 640, 643 (1993). The well-established standard for evaluating whether probable cause exists is the "totality of the circumstances" test. *Evans,* 443 Pa.Super. at 358, 661 A.2d at 884. This test allows for a flexible, common-sense approach to all circumstances presented. *Commonwealth v. Jones,* 542 Pa. 418, 425, 668 A.2d 114, 117 (1995). Probable cause typically exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. *Commonwealth v. Gibson,* 536 Pa. 123, 130, 638 A.2d 203, 206 (1994). The evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer. *Commonwealth v. Germann,* 423 Pa.Super. 393, 399, 621 A.2d 589, 592 (1993).

Under the totality of the circumstances test, a tip from an unnamed informant can properly form the basis for probable cause, provided there is adequate evidence of the informant's credibility and the reliability of his or her information. *Commonwealth v. Lemanski,* 365 Pa.Super. 332, 353, 529 A.2d 1085, 1095 (1987); *Commonwealth v. Carlisle,* 348 Pa.Super. 96, 100, 501 A.2d 664, 666 (1985), *aff'd.,* 517 Pa. 36, 534 A.2d 469 (1987). *See In the Interest of J.H.,* 424 Pa.Super.

automobile without a warrant. The Fourth Amendment does not require a showing of exigency over and above the mobility of the automobile. *See Pennsylvania v. Labron,* —— U.S. ——, ——, 116 S.Ct. 2485, 2487, 135 L.Ed.2d 1031, 1036 (1996)(stating that "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more."); *Commonwealth v. Yedinak,* 450 Pa.Super. 352, 676 A.2d 1217, 1220 n. 5 (1996)(noting that the Pennsylvania Constitution provides greater protection regarding automobile searches); *Commonwealth v. Rosenfelt,* 443 Pa.Super. 616, 636, 662 A.2d 1131, 1141 (1995), *alloc. denied,* 544 Pa. 605, 674 A.2d 1070 (1996) (recognizing that Pennsylvania Constitution affords its citizens a greater right to privacy than the Federal Constitution).

224, 228, 622 A.2d 351, 353 (1993)(stating that a court must assess informant's veracity and basis of knowledge in determining whether police had probable cause to search based on tip). The credibility of an informant and the reliability of the information provided may be established through either the assertion that the informant has given reliable information in the past or through independent police corroboration of the tip. *Jones,* 542 Pa. at 425, 668 A.2d at 117.

█ In the present case, although the Commonwealth concedes that the record does not contain any evidence as to prior information provided by the informant, it contends that the police had probable cause to search Appellee's truck because they sufficiently corroborated the informant's tip prior to the warrantless search. (Appellant's Brief at 12). The suppression court disagreed, stating that the "[p]olice corroboration consisted merely of seeing the Defendant in the described vehicle in the designated block. His behavior was not suspicious.... Verification of a tip through the observation of a described individual engaged in innocent behavior in a specified location does not establish probable cause." (Suppression Ct. Op. at 3). Although the police corroboration may have been enough to sustain a reasonable suspicion sufficient for an investigatory stop, we agree that it did not rise to the level of probable cause sufficient to justify a warrantless automobile search.

In granting the motion to suppress, the suppression court relies on our decision in *In the Interest of J.H.,* 424 Pa.Super. 224, 622 A.2d 351 (1993). In that case, a woman called the police claiming that at a certain address, five minutes before she called, she saw a dark-complected black male, wearing a peach jacket and blue jeans, who might have been involved in a murder that occurred two days earlier. *Id.* at 226, 622 A.2d at 352. The officers went to the specified address and saw a black man matching the description walking towards them. *Id.* The police searched the suspect and uncovered forty-five vials of crack cocaine. *Id.* The trial court denied the defendant's motion to suppress the cocaine and this Court reversed,

concluding that the evidence did not support a finding of probable cause. *Id.* at 228–29, 622 A.2d at 353.

In *J.H.*, this Court found that there was no evidence supporting the basis of the informant's knowledge; she did not claim to be an eyewitness to the murder or have information from individuals who were involved. *Id.* Further, this court found that the independent police corroboration linking the Appellant to the murder was lacking because "[a] mere description of an individual, with nothing more, does not establish probable cause. This information, Appellant's clothing and location, does not support the reliability of the informant's tip." *Id.* at 229, 622 A.2d at 354. The Commonwealth argues that the tip in the present case was sufficiently corroborated; surveillance revealed that Appellee, Michael Lechner, was driving a black, flatbed, rollback tow truck with "K.C. Auto Body" on the side, toward the location of the informant, within the time period predicted. Further, the Commonwealth argues that the informant's basis of knowledge was sufficient: the informant spoke first-hand with Appellee regarding the transportation and destination of the methamphetamine. Although this Court acknowledges that in this case, the informant's basis of knowledge is slightly greater than that exhibited in *J.H.*, it still inadequately establishes the informant's veracity and therefore independent police corroboration is required to demonstrate the reliability of the informant's tip, thereby forming the basis of probable cause. *See Jones,* 542 Pa. at 425, 668 A.2d at 117 (1995)(stating that corroboration is unnecessary only when informant's veracity has already been established through prior reliable tips). The question, therefore, is whether the police sufficiently corroborated the informant's tip regarding Appellee's actions in order to rise to the level of probable cause required for a warrantless search.

This Court has stated that " 'an informer's report which itself fails to establish probable cause may be sufficiently corroborated by independent observation of a suspect's conduct, if the latter *tends to confirm the information* in the report or otherwise to support a conclusion that the suspect is engaged in committing a crime.' " *Commonwealth v. Corleto,*

328 Pa.Super. 522, 527, 477 A.2d 863, 865–66 (1984)(quoting *United States v. Acarino*, 408 F.2d 512, 515 (2d Cir.1969)).

In *Corleto*, this Court found that independent police corroboration tended to confirm the informant's report of drug sales when, after receiving a tip from a first-time informant indicating that he was present in the defendant's apartment when drugs were sold, the police set up surveillance for two days and discovered a pattern of pedestrian activity consistent with drug trafficking. *Id.* at 524, 477 A.2d at 864. *See also Commonwealth v. Baker*, 532 Pa. 121, 615 A.2d 23 (1992)(informant's tip that defendant was selling drugs corroborated by police officer's first-hand observation); *Commonwealth v. Wilkinson*, 436 Pa.Super. 233, 647 A.2d 583 (1994)(informant's tip not sufficiently corroborated where informant was neither a proven reliable informant nor witnessed Appellees in possession of drugs, and police did not observe or investigate any drug activity involving Appellees); *Commonwealth v. Silverman*, 373 Pa.Super. 274, 541 A.2d 9 (1988)(police officer corroborated informant's tip by going to scene of crime and verifying informant's story through observations); *Commonwealth v. Lemanski*, 365 Pa.Super. 332, 529 A.2d 1085 (1987)(unnamed informant's tips of suspected marijuana *not* adequately corroborated by independent police work when police only drove by and saw "a plant" growing through roof of observations).  In the instant case, however, the record is devoid of any evidence tending to confirm the allegation that Appellee, Michael Lechner, was involved in drug activities. Consistent with Pennsylvania precedent, we are unable to permit a finding of probable cause based on the mere verification of Appellee's location and vehicle at a specific time.  This is not to say, however, that such corroboration would not rise to the level of reasonable suspicion sufficient to permit an investigatory stop.

Both the United States Supreme Court and this Court have found, in factually analogous situations, that although a tip from a confidential informant was not sufficiently reliable to

establish probable cause, it was sufficiently corroborated by the police to justify a *Terry* [8] stop.

*In Alabama v. White,* 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990), the police received a telephone call from an anonymous person stating that Vanessa White would be leaving Lynwood Terrace Apartments at a particular time, in a brown Plymouth station wagon with the taillight lens broken, and would be going to Dobey's Motel with an ounce of cocaine inside a brown attache case. *Id.* at 327, 110 S.Ct. at 2414–15. The police proceeded to Lynwood Apartments, saw the described vehicle, observed a woman leave the building and enter the vehicle, and proceeded to follow the vehicle as it drove the most direct route to Dobey's Motel. *Id.* The vehicle was stopped just short of the motel. *Id.* The police asked if they could look for cocaine, and ultimately found marijuana in a locked, brown, attache case and three grams of cocaine in the driver's purse. *Id.*

The Court reviewed the differences between the probable cause standard required for arrest and search warrants and the reasonable suspicion standard required for investigatory stops. *Id.* at 329, 110 S.Ct. at 2415–16. The Court stated that although the content and degree of reliability of the information are relevant considerations in evaluating both standards, reasonable suspicion is a less demanding standard and can arise from information that is less reliable than that required to establish probable cause. *Id.* at 330, 110 S.Ct. at 2416. Stating that this was a "close case," the Court concluded that when the officers stopped the vehicle, the tip had been sufficiently corroborated through the verification of significant aspects of the caller's predictions so as to furnish a reasonable suspicion that the driver was engaged in criminal activity, and therefore support an investigatory stop. *Id.* at 332, 110 S.Ct. at 2417.

With guidance from *White,* this Court decided the factually analogous case of *Commonwealth v. Ogborne,* 410 Pa.Super. 164, 599 A.2d 656 (1981), *alloc. denied,* 530 Pa. 631, 606 A.2d

8.   392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

901 (1992). In *Ogborne,* a confidential informant, who provided prior reliable tips, stated that based on personal knowledge, he knew that the defendant would arrive at his home in a few hours driving a new, black Dodge Daytona, and would have in his possession approximately ten (10) bundles of phencyclidine ("PCP"). *Id.* at 167, 599 A.2d at 657–58. The police officer confirmed the defendant's address, established surveillance at the location, observed a new, black Dodge Daytona heading toward the residence, and recognized the driver as the defendant. *Id.* at 168, 599 A.2d at 658. The officer pulled into the driveway behind defendant's vehicle, approached the vehicle, and asked the driver to turn the motor off. *Id.* After repeated requests, the driver refused to turn the motor off so the officer began to open the car door and, upon doing so, detected the odor of PCP within the vehicle. *Id.* A pat-down of the defendant uncovered 89 packets of PCP. *Id.*

In accordance with the analysis in *White,* this court held that the detective's investigation corroborated much of the informant's predictions and therefore, under the totality of the circumstances, "exhibited sufficient indicia of reliability to justify the investigatory stop of Appellant." *Id.* at 170, 599 A.2d at 659.

Applying this law to the present case, it is clear that the officers had sufficiently corroborated the informant's tip to establish a reasonable suspicion permitting an investigatory stop. What distinguishes this case from *White* and *Ogborne,* however, is that the police in the present case went far beyond an investigatory stop. In fact, the record indicates that when Appellee's vehicle was stopped, the police asked him to get out of the vehicle, patted him down for weapons, and proceeded to search the truck. There is no evidence that the officers conducted an *investigatory* stop and search; they did not see anything in plain view, they did not ask him questions regarding alleged drug activity, nor did they ask him permission to search the truck for the suspected methamphetamine. Rather, presumably relying on the meager corroboration as sufficient probable cause, after stopping Appellee's vehicle, the

police proceeded to make a full search. Appellant has thus found itself in an unfortunate position; not enough corroboration to establish probable cause, and a search too intrusive to deem it investigatory.

Finding no evidence of an investigatory stop and a level of police corroboration insufficient to establish probable cause, we are compelled to conclude that the warrantless search of Appellee's tow truck was illegal.

Order Affirmed.