J-S01044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANGEL TRENT | |
| Appellee | No. 3129 EDA 2014 |

Appeal from the Order October 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008718-2012

BEFORE:  GANTMAN, P.J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED JANUARY 12, 2016**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion to suppress filed on behalf of Appellee, Angel Trent.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. In February 2012, the Philadelphia District Attorney Dangerous Drug Offenders Unit and the federal Drug Enforcement Administration began a large-scale narcotics investigation.  During that month, officers purchased a quarter-pound of cocaine from an individual involved in the drug ring. Subsequently, the investigating officers obtained authorization to intercept and record telephone conversations between individuals in the ring, including Miguel Cruz and Jose Soto.  Based on their surveillance, the

officers learned that Mr. Cruz lived in New York and drove a blue 2002 Chrysler minivan with a Pennsylvania license tag of GVX7950. The vehicle was registered to a woman who lived on the same block in Philadelphia as Mr. Soto. Through the intercepts, the officers also learned that Mr. Cruz used the van to supply Mr. Soto with drugs. On March 30, 2012, the officers obtained an order authorizing them to place a tracking device on the van. Mr. Cruz subsequently drove the vehicle back to New York. On April 14, 2012, the officers intercepted a phone call between Mr. Soto and Mr. Cruz at 3:58 p.m., in which the following conversation took place:

Mr. Cruz: Tell me.

Mr. Soto: Ah-ha what's up?

Mr. Cruz: Nothing. They didn't even answer their phone and I called them five times.

Mr. Soto: Yeah, damn.

Mr. Cruz: Ah-ha and the other one I took it out.

Mr. Soto: Yeah.

Mr. Cruz: I'm going to call my friend now to see if he can bring me a dollar because more or less for tonight.

Mr. Soto: That's cool because I have someone waiting now because I told him there was some.

Mr. Cruz: Let me call you in two minutes.

Mr. Soto: Okay.

(N.T. Suppression Hearing, 4/2/14, at 13).[1]  During the ensuing phone call at 4:13 p.m. on the same day, the following conversation took place:

| | |
|---|---|
| Mr. Cruz: | Ah-ha. |
| Mr. Soto: | Tell me. |
| Mr. Cruz: | You told me you were going to need at least two. |
| Mr. Soto: | I don't know maybe one or two whatever. Before I leave I have to get rid of it, I don't know whatever you can do, whatever. |
| Mr. Cruz: | All right I will see if—see if come tonight then. |
| Mr. Soto: | Whatever, one or two whatever you can, I don't know.  If anything I'll pay for one in case the other I'll pay it later. |
| Mr. Cruz: | Well at least I'll bring one or one and a half, maybe you can pay it before you leave. |
| Mr. Soto: | Yes, from here to Friday, yes, yes bring like one and a half. |
| Mr. Cruz: | All right. |
| Mr. Soto: | From here to Wednesday, yes from here to Wednesday I'll be able to take that out. |
| Mr. Cruz: | All right. |
| Mr. Soto: | I have people waiting now. |
| Mr. Cruz: | All right, bye, see you tonight. |

_____

[1] Although the notes of testimony indicate the first hearing was held on April 22, 2014, the docket and the Commonwealth's brief both indicate the hearing occurred on April 2, 2014.

(*Id.* at 15-16). Based on that conversation and previous information gathered during the investigation, narcotics officer Frank Bonnet testified at the suppression hearing that Mr. Soto and Mr. Cruz were speaking in coded language to arrange a delivery of cocaine on the evening of April 14, 2012. At the time of the phone calls, the tracking device indicated the Chrysler minivan was in New York. At around 8:30 p.m., the van began heading southbound on the New Jersey Turnpike toward Philadelphia. The investigating officers briefed the Philadelphia Police Department highway patrol on the narcotics investigation and arranged for patrol officers to monitor the van to avoid compromising the secrecy of the investigation. Patrol officers Andy Chan and Mike Kelly stopped the van off I-95 in Philadelphia after observing it change lanes without signaling. Appellee was the driver. When the officers approached the van and asked Appellee for the vehicle's registration and proof of insurance, Officer Chan observed that Appellee's hands were shaking and he appeared very nervous. The officers directed Appellee to exit the van. Officer Kelly then searched the vehicle and recovered approximately 163 grams of cocaine.

The Commonwealth charged Appellee with simple possession and possession with intent to deliver ("PWID").[2] On January 3, 2013, Appellee filed an omnibus pre-trial motion, which included a motion to suppress the

_____

[2] 35 P.S. §§ 780-113(a)(16), (a)(30), respectively.

drugs recovered from the van. The court held suppression hearings on April 2, 2014 and July 16, 2014. On August 26, 2014, the court granted Appellee's motion to suppress. The Commonwealth filed a motion for reconsideration on September 8, 2014. On September 23, 2014, the court granted reconsideration of its suppression ruling. Following argument, the court reaffirmed its ruling granting Appellee's motion to suppress on October 2, 2014. On Monday, November 3, 2015, the Commonwealth filed a timely notice of appeal and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[3]

The Commonwealth raises the following issue for our review:

> DID THE [TRIAL] COURT ERR IN SUPPRESSING 163 GRAMS OF COCAINE AND OTHER EVIDENCE FOUND IN THE VAN [APPELLEE] WAS DRIVING WHERE THERE WAS PROBABLE CAUSE TO BELIEVE THAT CONTRABAND WOULD BE FOUND IN THE VEHICLE, AND UNDER THE PENNSYLVANIA SUPREME COURT'S DECISION IN **COMMONWEALTH V. GARY**[4], THAT WAS ALL THAT WAS REQUIRED TO SEARCH THE VEHICLE?

(Commonwealth's Brief at 4).

---

[3] The Commonwealth's notice of appeal certifies that the court's order granting Appellee's motion to suppress terminates or substantially handicaps the prosecution. **See** Pa.R.A.P. 311(d); **Commonwealth v. Huntington**, 924 A.2d 1252, 1254 n.1 (Pa.Super. 2007), *appeal denied*, 593 Pa. 746, 931 A.2d 656 (2007) (stating: "The Commonwealth may take an appeal as of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution").

[4] **Commonwealth v. Gary**, 625 Pa. 183, 91 A.3d 102 (2014).

In its sole issue, the Commonwealth argues the police had probable cause to believe the van contained cocaine, and Appellee conceded that probable cause existed. The Commonwealth contends that under the automobile exception to the warrant requirement announced in *Gary, supra*, probable cause was all the officers needed to conduct a lawful warrantless search of the vehicle. The Commonwealth claims *Gary* applies here because it was decided while Appellee's suppression motion was pending. The Commonwealth asserts the trial court wrongly determined *Gary* is inapplicable because it was decided after the vehicle search had occurred, and the Supreme Court did not specifically state that the decision applied retroactively. The Commonwealth concludes the trial court erred when it granted Appellee's motion to suppress. We agree.

We review an order granting a motion to suppress according to the following principles:

> [We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. As long as there is some evidence to support them, we are bound by the suppression court's findings of fact. Most importantly, we are not at liberty to reject a finding of fact which is based on credibility.
>
> The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa.Super. 2011),

*appeal denied*, 616 Pa. 651, 49 A.3d 442 (2012) (internal citations and quotation marks omitted).

"[T]he Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures and, to that end, a search conducted without a warrant is generally presumed unreasonable unless it is undertaken pursuant to a recognized exception to the warrant requirement." **Commonwealth v. Lechner**, 685 A.2d 1014, 1016 (Pa.Super. 1996).

> The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. The well-established standard for evaluating whether probable cause exists is the "totality of the circumstances" test. This test allows for a flexible, common-sense approach to all circumstances presented. Probable cause typically exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. The evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer.

*Id.* (internal citations omitted).

The Pennsylvania Supreme Court recently held in **Gary, supra**, that Article I, Section 8 of the Pennsylvania Constitution affords no greater protection with respect to warrantless searches of motor vehicles than does the Fourth Amendment to the United States Constitution. **Id.** at 242, 91 A.3d at 138. Under either constitutional provision, "The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no

exigency beyond the inherent mobility of a motor vehicle is required." ***Id.***

"[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." ***Commonwealth v. Cabeza***, 503 Pa. 228, 233, 469 A.2d 146, 148 (1983). ***See also Commonwealth v. Hudson***, 92 A.3d 1235 (Pa.Super. 2014) (reviewing order granting defendant's motion to suppress; applying standard enunciated in ***Gary***, which was decided after search of defendant's car and after trial court's ruling on suppression motion).

Instantly, Appellee's motion to suppress was still pending when ***Gary*** was decided. The Supreme Court did not specifically declare its ruling in ***Gary*** to be prospective only. Therefore, it applies to Appellee's case. ***See Cabeza, supra***. To defeat Appellee's suppression motion, the Commonwealth needed only to prove the police had probable cause to believe the van driven by Appellee contained drugs. No exigency beyond the inherent mobility of the vehicle was required. ***See Gary, supra***. The trial court based its ruling on the failure of the Commonwealth to prove that exigent circumstances existed or, alternatively, that Appellee consented to the search. The court did not find an absence of probable cause to search the van. To the contrary, the court implicitly found the existence of probable

cause when it reconsidered its ruling to determine whether the Commonwealth also needed to prove exigent circumstances in light of **Gary**. The court's reconsideration of its ruling would have been superfluous unless it had already determined probable cause existed. Moreover, Appellee initially raised the issue of probable cause to search the van in his motion to suppress, but at the suppression hearing, Appellee argued only that Appellee's consent was invalid and the police should have obtained a warrant.[5] Appellee also failed to argue lack of probable cause at the reconsideration hearing. Thus, Appellee arguably abandoned his claim regarding probable cause to search the van.

Additionally, the uncontradicted evidence presented by the Commonwealth established the following. The investigating officers had obtained an order to place a tracking device on the 2002 Chrysler minivan based on information they had gathered that the vehicle was being used for drug deliveries. On April 14, 2012, the officers intercepted phone calls between two suspects in the drug ring, Mr. Cruz and Mr. Soto, in which they used coded language to schedule a drug delivery that night from New York

_____

[5] Appellee's counsel stated: "Even if you assume that there was probable cause to stop this vehicle—and I think arguably between the phone calls and what was discussed on the phone that day, even though there's never been a single observation of drugs coming out of that vehicle or in that vehicle, I certainly think it's enough for a reasonable officer to believe that this vehicle was being used by Mr. Cruz to transport narcotics…." (N.T. Suppression Hearing, 7/16/14, at 121).

to Philadelphia. At around 8:30 p.m. that night, the tracking device showed the van leaving New York in the direction of Philadelphia. Highway patrol officers, who were informed of the nature of the investigation, eventually stopped the van when it reached Philadelphia and changed lanes without signaling. One of the patrol officers observed during the stop that Appellee was visibly nervous and his hands were shaking. Appellee likewise conceded he was nervous during the stop. Based on the totality of the circumstances, the police had probable cause to believe the van contained cocaine, which was all that was necessary to justify the search of the vehicle. *See id.*; *Lechner, supra*. Therefore, the court should have denied Appellee's motion to suppress. Accordingly, we reverse the suppression order and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2016

- 10 -