J-S30005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JERREL BIRCH | |
| Appellee | No. 63 EDA 2014 |

Appeal from the Order December 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009203-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MAY 03, 2016**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, which granted the motion to suppress evidence filed on behalf of Appellee, Jerrel Birch.  We affirm in part, reverse in part, and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows:

> Officer Yancer was on duty in full uniform and in a marked police vehicle with his partner, Officer Makus, on June 29, 2013.  At approximately 3:15 p.m., their tour of duty brought them to the area of 4061 [Frankford] Avenue in the City and County of Philadelphia.  Officer Yancer testified that he [smelled] the odor of burnt marijuana and pulled into a gas station behind a grey Pontiac.  Officer Yancer observed [Appellee] standing outside the driver side door of the vehicle.  Officer Yancer then observed [Appellee] grab something from his waistband and reach toward the center console of the vehicle.  Officer Yancer approached the vehicle, which had two male passengers and a female passenger.  Once he arrived at the vehicle,

he observed four vials of marijuana in plain view in the cup holder. Officer Yancer then reached in and opened the center console of the vehicle, and found a silver 380 Larson handgun. [Appellee] began walking away, and Officer Yancer caught up with him, frisked him, and placed him under arrest. [Appellee] admitted that he did not have a license to carry a handgun. Officer Yancer then obtained consent to search the vehicle from the vehicle's owner, who was one of the other passengers. No other contraband was found in the vehicle.

(Trial Court Opinion, filed July 21, 2015, at 2) (internal citations omitted).

Procedurally, Appellee filed a suppression motion on November 18, 2013. The court held a suppression hearing on December 4, 2013, and granted Appellee's suppression motion on December 6, 2013. On January 6, 2014, the Commonwealth timely filed a notice of appeal[1] and a voluntary concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The court also ordered the Commonwealth to file a Rule 1925(b) statement on May 8, 2014, and the Commonwealth timely refiled the same statement on May 15, 2014.

The Commonwealth raises the following issue for our review:

WHERE AN OFFICER APPROACHED A CAR BECAUSE IT SMELLED LIKE MARIJUANA, SAW [APPELLEE] LEAN INTO

_____

[1] The Commonwealth's notice of appeal certifies that the court's order granting Appellee's motion to suppress terminates or substantially handicaps the prosecution. *See* Pa.R.A.P. 311(d); *Commonwealth v. Huntington*, 924 A.2d 1252, 1254 n.1 (Pa.Super. 2007), *appeal denied*, 593 Pa. 746, 931 A.2d 656 (2007) (stating: "The Commonwealth may take an appeal as of right from an order that does not end the entire case if the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution").

THE CAR AND PUT AN OBJECT FROM HIS WAISTBAND INTO THE CENTER CONSOLE, SAW MARIJUANA IN PLAIN VIEW IN THE CAR, AND THEN OPENED THE CONSOLE AND FOUND A GUN INSIDE, DID THE [SUPPRESSION] COURT ERR IN SUPPRESSING THE MARIJUANA AND GUN ON THE GROUND THAT THE OFFICER CONTINUED TO SEARCH THE CAR, WITHOUT OBTAINING A WARRANT, AFTER FINDING EVIDENCE OF A CRIME?

(Commonwealth's Brief at 4).

The Commonwealth argues Officer Yancer had probable cause to search the vehicle, based on the smell of marijuana, his observation of marijuana in plain view in the cup holder of the vehicle, and the fact that he saw Appellee put an unidentified object into the center console of the vehicle. The Commonwealth submits the console search was lawful because Officer Yancer had probable cause to believe there was contraband inside the console, having seen marijuana in plain view in the cup holder. The Commonwealth also asserts the search of the center console was proper as a protective search because Officer Yancer and his partner were outnumbered and Officer Yancer saw Appellee take an object from his waistband and put it into the center console of the vehicle. The Commonwealth concludes we should reverse the suppression court's order. We agree in part.

When the Commonwealth appeals from a suppression order, the relevant scope and standard of review are:

[We] consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. As long as there is some evidence to support them, we are bound by the

suppression court's findings of fact. Most importantly, we are not at liberty to reject a finding of fact which is based on credibility.

The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa.Super. 2011), *appeal denied*, 616 Pa. 651, 49 A.3d 442 (2012) (internal citations and quotation marks omitted).

"[T]he Fourth Amendment to the United States Constitution and Article I, § 8 of the Pennsylvania Constitution protect citizens from unreasonable searches and seizures and, to that end, a search conducted without a warrant is generally presumed unreasonable unless it is undertaken pursuant to a recognized exception to the warrant requirement." *Commonwealth v. Lechner*, 685 A.2d 1014, 1016 (Pa.Super. 1996).

The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. The well-established standard for evaluating whether probable cause exists is the "totality of the circumstances" test. This test allows for a flexible, common-sense approach to all circumstances presented. Probable cause typically exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. The evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer.

*Id.* (internal citations omitted).

The Pennsylvania Supreme Court recently held in **Commonwealth v. Gary**, 625 Pa. 183, 91 A.3d 102 (2014), that Article I, Section 8 of the Pennsylvania Constitution affords no greater protection with respect to warrantless searches of motor vehicles than does the Fourth Amendment to the United States Constitution. **Id.** at 242, 91 A.3d at 138. Under either constitutional provision, "The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required." **Id.** Additionally, "[i]f a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits police to search the vehicle without more." **Id.** at 199, 91 A.3d at 111-12 (quoting **Pennsylvania v. Labron**, 518 U.S. 938, 940, 116 S. Ct. 2485, 2487, 135 L. Ed. 2d 1031, ___ (1996)).

"[W]here an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." **Commonwealth v. Cabeza**, 503 Pa. 228, 233, 469 A.2d 146, 148 (1983). **See also Commonwealth v. Hudson**, 92 A.3d 1235 (Pa.Super. 2014), *appeal denied*, ___ Pa. ___, 106 A.3d 724 (2014) (reviewing order granting defendant's motion to suppress; applying standard enunciated in **Gary**, which was decided after search of defendant's car and after trial court's ruling on suppression motion).

"Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime." **Commonwealth v. Thompson**, 604 Pa. 198, 203, 985 A.2d 928, 931 (2009) (internal quotation marks omitted).

> The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability**, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

**Id.** (emphasis in original) (internal citations and quotation marks omitted).

Additionally, any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. **Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005). An appellant's concise statement must identify the errors to be addressed on appeal with sufficient specificity. **Commonwealth v. Dowling**, 778 A.2d 683 (Pa.Super. 2001).

Instantly, the Commonwealth presented one issue in its Rule 1925(b) statement, challenging the court's suppression of the gun only. (**See** Commonwealth's Rule 1925(b) Statement, filed 5/15/14, at 1.) Consequently, any argument on appeal concerning suppression of the marijuana is waived for failure to preserve it in the concise statement. **See Castillo, supra**; **Dowling, supra**.

With respect to the court's suppression of the gun recovered from the

vehicle, however, Appellee's motion to suppress was still pending when ***Gary*** was decided. The Supreme Court did not specifically declare its ruling in ***Gary*** to be prospective only. Therefore, it applies to Appellee's case. ***See Cabeza, supra***. To defeat Appellee's suppression motion, the Commonwealth needed only to prove Officer Yancer had probable cause to believe the vehicle in question contained contraband. No exigency beyond the inherent mobility of the vehicle was required. ***See Gary, supra***.

Here, the suppression court implicitly found the existence of probable cause, but based its ruling on Appellee's reasonable expectation of privacy, and the Commonwealth's failure to prove exigent or other circumstances existed to permit Officer Yancer's warrantless search of the vehicle after seeing in plain view evidence of the crime he suspected had occurred (marijuana). In light of the Pennsylvania Supreme Court's recent adoption of the federal standard for analyzing vehicle searches in ***Gary***, however, the suppression court stated that under this new standard, it would have reached a different result regarding Appellee's motion to suppress.

Furthermore, the uncontradicted evidence presented by the Commonwealth established the following. Officer Yancer smelled an odor of burnt marijuana while driving near the vehicle where Appellee was standing. As Officer Yancer approached the vehicle, he saw Appellee remove an object from his waistband and place it in the center console of the vehicle. When Officer Yancer approached the driver side of the vehicle, he observed four

vials of marijuana in plain view in the cup holder. Based on the totality of the circumstances, Officer Yancer had probable cause to believe the vehicle contained contraband, which was all that was necessary to justify the search of the vehicle. *See id.*; *Lechner, supra*. Therefore, the officers recovered the gun as a result of a lawful search. Thus, the court should have denied Appellee's motion to suppress the gun. Accordingly, we reverse the suppression order in part concerning the gun, affirm the suppression order in part regarding the marijuana on the basis of waiver, and remand for further proceedings.

Order affirmed in part and reversed in part; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2016