J-S51011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVON D. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1961 MDA 2018 |

Appeal from the Judgment of Sentence Entered August 23, 2018
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0005056-2017

BEFORE:  PANELLA, P.J., GANTMAN, P.J.E., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED DECEMBER 18, 2019**

Davon D. Williams appeals from the August 23, 2018 judgment of sentence entered after the trial court, sitting as factfinder, convicted him of possession of heroin with intent to deliver ("PWID") and possession of drug paraphernalia.[1] On appeal, he argues the court erred in refusing to suppress evidence gained during a traffic stop. He contends his right to be free of unreasonable searches was violated when the police officer searched the vehicle his girlfriend ("the driver") was driving based on three circumstances: (1) a smell of marijuana, (2) conflicting stories from Williams and the driver regarding their destination, and (3) the driver did not know where her one-year-old child was. We affirm.

---

[1] See 35 P.S. §§ 780-113(a)(30) and (32) respectively.

Just before midnight on a late summer night, Pennsylvania State Trooper David Long was in a stationary position observing traffic on Interstate 81. He initiated a traffic stop of Williams's girlfriend's vehicle when he observed that its taillights were not on. He asked the driver to operate her headlights and confirmed that the taillights were in fact operational.

Williams concedes, for purposes of this appeal, that Trooper Long's decision to stop the vehicle was appropriate under the law. *See* Appellant's Brief, at 19. Therefore, the crux of this appeal concerns what happened after the initial stop.

While conversing with the driver, Trooper Long noticed a smell of marijuana emanating from the vehicle. As per his habit, Trooper Long summoned his partner, Trooper Travis Martin, to confirm the odor of marijuana.

Trooper Martin agreed that an odor of marijuana was present in the vehicle, and the troopers informed Williams and the driver that they were going to search the car based on this observation. While frisking Williams, Trooper Martin observed marijuana residue on Williams's shirt. Williams admitted to having smoked marijuana earlier in the evening, but denied that he had done it in the vehicle.

Trooper Martin's systematic search of the passenger compartment of the vehicle did not reveal any contraband. When he searched the trunk, however, he discovered a duffel bag underneath a baby stroller. The duffel

bag contained 10,005 bags of heroin. The Troopers placed Williams under arrest and discovered a marijuana grinder in his pocket.

The trial court conducted a hearing on Appellant's motion to suppress the evidence recovered from the vehicle search. Trooper Long testified and the dashboard camera from his cruiser was admitted into evidence. After the trial court denied relief, the parties proceeded to a bench trial. The trial court found Williams guilty and imposed sentence. This timely appeal followed.

Williams raises a single issue for our review, arguing that the evidence recovered from the search of the trunk should have been suppressed:

> WHETHER THE TRIAL COURT ERRED IN REFUSING TO SUPPRESS ALL EVIDENCE BECAUSE THE STATE POLICE ILLEGALLY EXTENDED THE DETENTION OF THE VEHICLE, ITS DRIVER AND APPELLANT (THE PASSENGER) AND THEN SEARCHED THE ENTIRE VEHICLE, INCLUDING THE TRUNK AND CLOSED BAG INSIDE, WITHOUT PROBABLE CAUSE OR SEARCH WARRANT BASED PRIMARILY ON THE ODOR OF BURNT MARIJUANA, ALL OF WHICH VIOLATED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS?

Appellant's Brief, at 5.

We review a challenge to the denial of a suppression motion to determine whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. *See Commonwealth v. Eichinger*, 915 A.2d 1122, 1134 (Pa. 2007). Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the

evidence for the defense as remains uncontradicted when read in the context of the record as a whole. ***See id.***

Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. ***See id.*** In contrast, the suppression court's legal conclusions are not binding on an appellate court, and our duty is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the suppression court are subject to plenary review. ***See Commonwealth v. McClellan***, 178 A.3d 874, 880–81 (Pa. Super. 2018).

Ordinarily, our scope of review is limited to the suppression hearing transcript. ***In re L.J.***, 79 A.3d 1073 (Pa. 2013). In his brief, counsel for Williams asks this Court to also consider the evidence adduced at the bench trial, which included the testimony of Trooper Martin; only Trooper Long testified at the suppression hearing. Williams is correct that ***L.J.*** provides for an exception when a party explicitly moves to augment the suppression record with evidence from a subsequent trial. ***See id***., at 1088 n.17. Here, Williams explicitly moved for reconsideration of the suppression motion in light of Trooper Martin's trial testimony. ***See*** Post-Sentence Motion, 8/31/18, at ¶ 19. The court did not address this request when it denied the post-sentence motion.

The Commonwealth contends that we may not review Trooper Martin's trial testimony. It argues that even under the exception contained in footnote 17 of **L.J.**, the evidence sought to be added to the suppression record must have been "previously unavailable." **See id**., at 1088 n.17. Since defense counsel explicitly declined to call Trooper Martin at the close of the suppression hearing, **see** N.T., 4/18/18, at 63, the Commonwealth believes his trial testimony was available for the suppression hearing. **See** Commonwealth's Brief, at 9 (unpaginated).

We conclude it is not necessary to confront the issue of availability in this case. Even if we include Trooper Martin's trial testimony in our review, we do not find that the suppression court erred in refusing to suppress the heroin found in the trunk of the vehicle.

As noted above, Williams concedes the legality of the initial traffic stop. He presents two separate arguments regarding the subsequent search. First, he argues that Trooper Long did not have sufficient reasonable suspicion to prolong the traffic stop.

A law enforcement officer may detain an individual, and extend a vehicle stop, in order to conduct an investigation if that officer reasonably suspects that the individual is engaging in criminal conduct. **See Commonwealth v. Rogers**, 849 A.2d 1185, 1189 (Pa. 2004). Our Supreme Court has noted that "if there is a legitimate stop for a traffic violation (based on probable cause), additional suspicion may arise before the initial stop's purpose has been

fulfilled; then, detention may be permissible to investigate the new suspicions." ***Commonwealth v. Chase***, 960 A.2d 108, 115 n.5 (Pa. 2008) (citations omitted).

In order to determine whether a law enforcement officer had reasonable suspicion, the totality of the circumstances must be considered. ***In re D.M.***, 781 A.2d 1161, 1163 (Pa. 2001). In making this determination, we must give due weight to the specific reasonable inferences the law enforcement officer is entitled to draw from the facts in light of his experience. ***See Commonwealth v. Cook***, 735 A.2d 673, 676 (Pa. 1999).

The totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, "[e]ven a combination of innocent facts, when taken together, may warrant further investigation by the police officer." ***Id.*** As our Supreme Court reasoned in ***Cook***, while "certain facts, taken alone, do not establish reasonable suspicion ... a combination of these facts may establish reasonable suspicion." ***Id***. at 677. Furthermore, as the Supreme Court recognized in ***In Interest of A.A.***, 195 A.3d 896 (Pa. 2018), "the odor of marijuana alone, particularly in a moving vehicle, is sufficient to support at least reasonable suspicion, if not the more stringent requirement of probable cause" that an individual is involved in criminal activity. ***Id***. at 904.

Here, Trooper Long testified that while he was talking to the driver, he "detected an odor of marijuana" from inside the vehicle. N.T., 4/18/18, at 10.

This observation provided a sufficient basis to allow Trooper Long to conclude he had reasonable suspicion that criminal activity had occurred in the vehicle.

Appellant next argues that the troopers did not have probable cause to search the trunk of the vehicle. Our Supreme Court has adopted the federal automobile exception, which permits police to conduct a warrantless search of a vehicle if police have probable cause to believe the vehicle contains evidence of criminal activity; no exigency beyond the inherent mobility of a motor vehicle is required. **See Commonwealth v. Valdivia**, 195 A.3d 855, 865 n.11 (Pa. 2018). The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. **Commonwealth v. Lechner**, 685 A.2d 1014, 1016 (1996); **see also Commonwealth v. Gary**, 91 A.3d 102, 104 (Pa. 2014).

> Probable cause does not demand the certainty we associate with formal trials. Rather, a determination of probable cause requires only that the totality of the circumstances demonstrates a fair probability that contraband or evidence of a crime will be found in a particular place. [T]he evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer.

**Commonwealth v. Scott**, 210 A.3d 359, 363 (Pa. Super. 2019) (citations and internal quotation marks omitted).

The Supreme Court of the United States has held that an odor may be sufficient to establish probable cause. **Commonwealth v. Stoner**, 344 A.2d 633, 635 (Pa. Super. 1975) (citing **United States v. Ventresca**, 380 U.S. 102, 85 S.Ct. 741 (1965)). "In **Stoner**, we analogized a 'plain smell' concept

with that of plain view and held that where an officer is justified in being where he is, his detection of the odor of marijuana is sufficient to establish probable cause." **Commonwealth v. Stainbrook**, 471 A.2d 1223, 1225 (Pa. Super. 1984) (citations omitted).

Once again, Trooper Long testified that he detected the odor of marijuana in the car. N.T. 4/18/18, at 10. The driver told him that she was driving to Harrisburg to pick up her one-year-old son. **See id**., at 27-28. However, the driver did not know exactly where her son was in Harrisburg. **See id**. Furthermore, Williams informed the troopers that he and the driver were on their way to Pittsburgh to pick up their son. **See id**., at 28. Under these circumstances, we conclude the troopers had probable cause to search the vehicle for marijuana.

Williams asserts that none of these circumstances are individually sufficient to establish probable cause. Williams's argument contravenes our standard of review. We do not consider each circumstance in isolation. Rather, we consider the totality of the circumstances. So, even assuming that Williams is correct that none of these circumstances are sufficient on their own, we conclude they are sufficient taken together as a whole.

Williams contends that, even if the troopers had probable cause to search the passenger compartment of the vehicle for marijuana, they did not have probable cause to search the trunk. In **United States v. Ross**, 456 U.S. 798, 102 S.Ct. 2157 (1982), the Supreme Court of the United States held

that, "If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825, 102 S.Ct. at 2173. Thus, "[t]he scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. *Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.*" *Id*. at 824, 102 S.Ct. at 2172. The **Ross** decision has been frequently cited by the courts of this Commonwealth. **See, e.g., Commonwealth v. Epoca**, 668 A.2d 578, 582 (Pa. Super. 1995) (noting that when police have probable cause to believe evidence of a crime is located in a lawfully stopped vehicle, they are empowered to search every part of the vehicle and its contents that may conceal the object of the search).

Therefore, under **Ross**, once Troopers Long and Martin developed probable cause to conduct a warrantless search of the vehicle, the scope of the search was not limited to the main compartment, but extended to every part of the vehicle that could possibly conceal the object of the search. **See id**. Since Trooper Long was unable to determine the origin of the marijuana odor, a search of the entire car, including the trunk, was warranted.

Williams argues that under **Commonwealth v. Scott**, 210 A.3d 359 (Pa. Super. 2019), the troopers did not have probable cause to search the trunk of the vehicle. To the contrary, this Court in **Scott** conceded, "that if a police officer possesses probable cause to search a motor vehicle, he may then

conduct a search of the trunk compartment without seeking to obtain probable cause relative to the particularized area." *See id*., at 364. However, the *Scott* majority affirmed the suppression of a firearm found in the trunk of the vehicle because the still smoking marijuana blunt found in the passenger compartment was an obvious cause of the odor of marijuana emanating from the passenger compartment. *See id*.

Williams asserts that Trooper Martin's trial testimony established an obvious source for the odor of marijuana. Trooper Martin testified that Williams's clothes smelled of marijuana, and contained marijuana residue. *See* N.T. 4/18/18, at 59. Williams contends that given this obvious source of marijuana odor, the troopers had no probable cause to continue searching the car for marijuana.

We disagree. Trooper Martin's testimony indicates that he only smelled the marijuana odor on Williams when he was performing a frisk. This is not equivalent to the still smoking marijuana blunt found in *Scott*. Trooper Martin did not testify that he detected the odor in Williams's clothing before frisking him. Nor did Trooper Martin testify that the odor emanating from the clothing was strong or lingering.

Just as significantly, we note that *Scott* involved review of an order suppressing evidence. As a result, the *Scott* panel was required to review the evidence of record in a light most favorable to the defendant. Here, we are

reviewing an order denying suppression. As noted previously, we must review the evidence of record here in a light most favorable to the Commonwealth.

Under these circumstances, we conclude **Scott** is distinguishable. Reviewing the evidence of record in the light most favorable to the Commonwealth, the suppression court was entitled to find that there was no obvious source found in the passenger compartment for the odor of marijuana. The troopers were therefore justified in searching the trunk.

In summary, the evidence presented to the trial court justified (1) the validity of the initial traffic stop, (2) the extension of the stop which was based on the requisite reasonable suspicion, and (3) the warrantless search of the vehicle. The investigation into the trunk did not exceed the permissible bounds of the search. We therefore reject Appellant's claim that the trial court failed to suppress the evidence of the contents of the duffel bag.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2019

- 11 -