J-S80044-18

2019 PA Super 154

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TRAVIS SCOTT | : | No. 3994 EDA 2017 |

Appeal from the Order November 15, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002581-2017

BEFORE: BENDER, P.J.E., BOWES, J., and NICHOLS, J.

OPINION BY NICHOLS, J.: **FILED MAY 10, 2019**

The Commonwealth appeals from the order granting Appellee Travis Scott's suppression motion.[1] The Commonwealth asserts that the trial court erred in concluding that police lacked probable cause to search the trunk of Appellee's vehicle. We affirm.

The trial court summarized the relevant facts of this case as follows:

A suppression hearing was held on October 30, 2017. [The] Commonwealth called Police Officer Louis Kerr to testify. He was the only witness in this proceeding. Officer Kerr has three and a half years of experience as a police officer, and is assigned to the 35th District.

Officer Kerr and his partner, Officer Tamamoto, were traveling in a marked police car, and on February 1, 2017 around 10:00 p.m., they were in the vicinity of 5800 North 16th Street in Philadelphia,

---

[1] The Commonwealth certified that the suppression order terminated or substantially handicapped the prosecution of this matter at the time it filed its notice of appeal from this interlocutory order. *See* Notice of Appeal, 12/11/17; Pa.R.A.P. 311(d).

Pennsylvania. According to Officer Kerr, this area is a high crime area where numerous shootings and robberies have occurred.

On this night, the officers noticed a 2000 Nissan Altima traveling north on 16th [Street] with a malfunctioning center brake light. The officers initiated a traffic stop of the Nissan; [Appellee] was the driver, and sole occupant, of the Nissan. During the investigation, it was established that [the] car was registered to [Appellee's] mother . . . .

Officer Kerr testified that he could smell the strong odor of burnt marijuana when he approached the Nissan, and saw that smoke was still emanating from the vehicle. He also saw [Appellee] attempt to place a blunt in the center console. The officers ordered [Appellee] to exit the vehicle, and the officers patted him down, but found nothing. [Appellee] was then placed in the back seat of the police car, but he was not handcuffed.

The officers then proceeded to search the passenger compartment of [Appellee's] vehicle. The officers did not ask for [Appellee's] consent to search the vehicle. In the center console, Officer Kerr recovered the blunt he saw [Appellee] place there. In the driver's side door, the officers found a jar with an orange lid that contained alleged marijuana. The officers also found a black ski mask in the back seat area of [the] car. At this time, the officers could only smell the odor of burnt marijuana, the smoke from which was still present in the vehicle.

Trial Ct. Op., 1/30/18, at 2-3 (record citations omitted).

Officer Kerr acknowledged that the smell from the blunt continued to linger in the vehicle as he continued his search:

[Commonwealth's counsel:] When you got to the back seat and found the ski mask, could you still smell marijuana in the car?

[Officer Kerr:] Yeah. Like I said, once we came up to the vehicle at the very beginning, there was still smoke omitting [sic] from the vehicle, so it was just smoked. The smell wasn't going to go away.

[Commonwealth's counsel:] And that smell was throughout the car?

[Officer Kerr:] That's correct.

N.T. Suppression Hr'g, 10/30/17, at 15.

> The officers then searched the trunk of [Appellee's] vehicle; therein Officer Kerr found a loaded .38 caliber revolver wrapped up in clothes. Officer Kerr did not investigate [Appellee] for possible DUI, nor did Officer Kerr request a drug sniffing dog to come to the scene.

Trial Ct. Op. at 3 (record citations omitted).

On March 28, 2017, the Commonwealth filed a criminal information charging Appellee with carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, carrying a loaded weapon, possession of a small amount of marijuana, and the summary traffic offense of operating a motor vehicle while consuming a controlled substance.[2]

The trial court conducted a hearing on October 30, 2017, at which time Appellee litigated a motion to suppress the firearm recovered from the trunk of his vehicle. Conceding that the officers possessed reasonable suspicion to conduct a traffic stop, Appellee argued that the officers conducted an illegal, warrantless search of the trunk. N.T. Suppression Hr'g, 10/30/17, at 28, 30. Appellee declined to challenge the officers' recovery of the marijuana from the passenger compartment of his vehicle. *Id.* at 30.

On November 15, 2017, the trial court announced its findings of fact and conclusions of law in open court. The court determined that the police "failed to articulate any facts that could have given them probable cause to

---

[2] 18 Pa.C.S. §§ 6106, 6108, 6106.1, 35 P.S. § 780-113(a)(31), and 75 Pa.C.S. § 3809, respectively.

- 3 -

use the key to open the trunk, search the trunk, and then the clothing which contained the firearm at issue in this case." N.T. Hr'g, 11/15/17, at 10. Consequently, the court granted Appellee's suppression motion.[3]

On December 11, 2017, the Commonwealth timely filed a notice of appeal and a voluntary Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion pursuant to Pa.R.A.P. 1925(a), explaining that there was "no credible testimony or other evidence to suggest that it was reasonable for the officers to continue searching the vehicle for drugs after they recovered both the blunt and the jar of marijuana" from the passenger compartment of Appellee's vehicle. Trial Ct. Op. at 7.

On appeal, the Commonwealth raises the following question for our review: "Did the trial court err in concluding that, where the police searched a car with probable cause and found drugs in the passenger compartment, they were not permitted to search the trunk?" Commonwealth's Brief at 4.

The Commonwealth relies on *Commonwealth v. Gary*, 91 A.3d 102 (Pa. 2014) (plurality), for the proposition that the Pennsylvania Supreme Court has adopted the federal automobile exception to the warrant requirement. *Id.* at 10. Under the federal automobile exception, the Commonwealth notes that "[i]f probable cause justifies the search of a lawfully

_____

[3] Although Appellee did not seek to suppress the marijuana recovered from the passenger compartment of his vehicle, the court announced, "[W]e deny the motion to suppress with respect to marijuana, but grant the motion with respect to the gun found inside the clothing inside the locked trunk." N.T. Hr'g, 11/15/17, at 11.

- 4 -

stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 11 (quoting *United States v. Ross*, 456 U.S. 798, 825 (1982)). The Commonwealth emphasizes the trial court's finding that the officers possessed probable cause to search the passenger compartment of Appellee's vehicle based upon the smell of burnt marijuana inside the vehicle. *Id.* at 10. Based upon the existence of probable cause, as well as the officers' recovery of the blunt and an additional jar of marijuana from the passenger compartment, the Commonwealth insists that "the officers were entitled to search anywhere in the car, including the trunk, for additional" drugs.[4] *Id.*

When reviewing an order granting a suppression motion,

we must determine whether the record supports the trial court's factual findings and whether the legal conclusions drawn from

---

[4] The Commonwealth also notes, "Cases from other jurisdictions have reached similar conclusions." Commonwealth's Brief at 17 (citing *United States v. Turner*, 119 F.3d 18 (D.C. Cir. 1997), *United States v. Loucks*, 806 F.2d 208 (10th Cir. 1986), and *United States v. Burnett*, 791 F.2d 64 (6th Cir. 1986)). Nevertheless, we observe that not all jurisdictions are in complete agreement. *See, e.g., United States v. Wald*, 216 F.3d 1222, 1228-29 (10th Cir. 2000) (holding odor of burnt methamphetamine did not provide officer with probable cause to search the trunk of the defendant's car, and the officer's additional observations did not amount to "corroborating evidence of contraband" to allow a trunk search); *Wimberly v. Superior Court*, 547 P.2d 417, 424 (Cal. 1976) (holding that erratic driving, a plain view observation of marijuana seeds and pipe, and the odor of burnt marijuana supported search of the passenger compartment, but it was unreasonable to infer that additional contraband was hidden in the trunk); *State v. Schmadeka*, 38 P.3d 633, 638 (Idaho Ct. App. 2001) (recognizing a distinction between the odor of burnt marijuana and raw marijuana, and holding that the odor of burnt marijuana establishes probable cause for a warrantless search of the vehicle's passenger compartment only).

those facts are correct.  We may only consider evidence presented at the suppression hearing.  In addition, because the defendant prevailed on this issue before the suppression court, we consider only the defendant's evidence and so much of the Commonwealth's evidence as remains uncontradicted when read in the context of the record as a whole.  We may reverse only if the legal conclusions drawn from the facts are in error.

*Commonwealth v. Hemingway*, 192 A.3d 126, 129 (Pa. Super. 2018) (citation omitted).

"The Fourth Amendment, by its text, has a strong preference for searches conducted pursuant to warrants." *Commonwealth v. Kemp*, 195 A.3d 269, 275 (Pa. Super. 2018) (citation omitted).  In *Gary*, however, a majority of the Pennsylvania Supreme Court adopted the federal automobile exception to the warrant requirement:

Therefore, we hold that, in this Commonwealth, the law governing warrantless searches of motor vehicles is coextensive with federal law under the Fourth Amendment.  The prerequisite for a warrantless search of a motor vehicle is probable cause to search; no exigency beyond the inherent mobility of a motor vehicle is required.  The consistent and firm requirement for probable cause is a strong and sufficient safeguard against illegal searches of motor vehicles, whose inherent mobility and the endless factual circumstances that such mobility engenders constitute a *per se* exigency allowing police officers to make the determination of probable cause in the first instance in the field.

*Gary*, 91 A.3d at 138.

"The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant." *Commonwealth v. Lechner*, 685 A.2d 1014, 1016 (Pa. Super. 1996) (citation omitted); *accord Gary*, 91 A.3d at 104.  "Probable cause does not demand the certainty we associate with formal trials.  Rather, a determination

of probable cause requires only that the totality of the circumstances demonstrates a fair probability that contraband or evidence of a crime will be found in a particular place." **Commonwealth v. Manuel**, 194 A.3d 1076, 1081 (Pa. Super. 2018) (*en banc*) (quoting **Commonwealth v. Otterson**, 947 A.2d 1239, 1244 (Pa. Super. 2008)). "[T]he evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer." **Commonwealth v. Copeland**, 955 A.2d 396, 400 (Pa. Super. 2008) (internal quotation marks and citation omitted).

"The Supreme Court of the United States has held that an odor may be sufficient to establish probable cause . . . ." **Commonwealth v. Stoner**, 344 A.2d 633, 635 (Pa. Super. 1975) (citing **United States v. Ventresca**, 380 U.S. 102 (1965); **Johnson v. United States**, 333 U.S. 10 (1948)). "In **Stoner**, we analogized a 'plain smell' concept with that of plain view and held that where an officer is justified in being where he is, his detection of the odor of marijuana is sufficient to establish probable cause." **Commonwealth v. Stainbrook**, 471 A.2d 1223, 1225 (Pa. Super. 1984) (citations omitted).

Regarding the search of an automobile, "[t]he scope of a warrantless search of an automobile . . . is not defined by the nature of the container in which the contraband is secreted." **Ross**, 456 U.S. at 824. "Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." **Id.** "It follows from the foregoing that if a police officer possesses probable cause to search a motor vehicle, he

may then conduct a search of the trunk compartment without seeking to obtain probable cause relative to the particularized area." ***Commonwealth v. Bailey***, 545 A.2d 942, 944 (Pa. Super. 1988).

Instantly, the trial court evaluated Officer Kerr's testimony and determined that the Commonwealth failed to establish probable cause to believe that there was contraband in the trunk.

> Based upon the odor of burnt marijuana emanating from the vehicle, we concluded that the police officers had probable cause to search the passenger compartment of the car, including any containers therein, for the burnt marijuana. The officers recovered a jar of marijuana as well as a blunt, which was the source of the odor of burnt marijuana the officers had smelled.
>
> The search of the trunk and its contents presents an entirely different question. The Commonwealth adduced no credible testimony or other evidence to suggest that it was reasonable for the officers to continue searching the vehicle for drugs after they recovered both the blunt and the jar of marijuana. The officers could only smell burnt marijuana as a result of [Appellee] having just smoked a blunt in the car and therefore they could not discern the odor of fresh marijuana that would lead them to reasonably believe additional narcotics had been concealed within the vehicle. The officers did not request the assistance of a drug sniffing dog to assist them in locating additional, unconsumed drugs in the vehicle.

Trial Ct. Op. at 7-8.

We agree that Officer Kerr did not establish sufficient probable cause to continue to search trunk of Appellee's vehicle. ***See Manuel***, 194 A.3d at 1081. We emphasize the officer's testimony that the blunt "was just smoked," and "[t]he smell wasn't going to go away." ***See*** N.T. Suppression Hr'g at 15. Here, the lingering odor of burnt marijuana was consistent with the

contraband that the officer observed in plain view. **Compare Stoner**, 344 A.2d at 635 (holding that probable cause supported the officer's search of the trunk of the defendant's vehicle where the officer noted a very strong odor of freshly cut marijuana, he observed marijuana seeds and leaves in the passenger compartment, and he was certain that the odor was too strong to be coming from the marijuana that was in plain view).[5]

Further, the record does not provide any other facts that could have supported a belief that additional contraband was located in the trunk. The officer did not testify that Appellee fidgeted or displayed nervous behavior. Rather, the officer's only testimony about Appellee's demeanor was that he looked "like a deer in headlights" and "appeared like he didn't know what to do. . . ." **See** N.T. Suppression Hr'g at 15. In the context of a traffic stop, such a demeanor is not unusual. **See Commonwealth v. Cartagena**, 63 A.3d 294, 305 (Pa. Super. 2013) (*en banc*) (explaining, "It is the rare person who is not agitated to some extent when stopped by police, even if the driver is a law-abiding citizen who simply failed to notice or repair a broken taillight . . . .").

Although Appellee made a furtive movement, the officer explained that Appellee reached toward the center console only. **See** N.T. Suppression Hr'g

---

[5] Additionally, the officer in **Stoner** testified that "the odor was, 'very strong, it was similar to standing in the center of a field of marijuana.'" **Stoner**, 344 A.2d at 635. Significantly, the officer had first-hand knowledge regarding the smell of a marijuana field, because he stood in a field of marijuana while serving as a military policeman in Vietnam. **Id.**

at 10. Appellee did not reach toward any other location, and the officer did not testify that Appellee could access the trunk from the passenger compartment of the vehicle. *Id.* at 25. *Compare Commonwealth v. Brown*, 64 A.3d 1101, 1109 (Pa. Super. 2013) (holding that the officer properly conducted a warrantless search of a truck following a traffic stop where the passenger's movements led the officer to believe that the passenger was possibly reaching for a firearm, and the search was limited to the area that the passenger could immediately access).

Likewise, the officer did not indicate that he had received any sort of special training to support his belief that additional contraband was located in the trunk. *Compare Bailey*, 545 A.2d at 945-46 (emphasizing that the investigating trooper testified about his background and competency in identifying narcotics, the trooper had sufficient expertise in dealing with methamphetamine, and the trooper's expertise, combined with his observation of a "chemical-type smell," constituted valid probable cause for search of the defendant's trunk).

Under these circumstances, the odor of burnt marijuana and small amount of contraband recovered from the passenger compartment of the vehicle did not create a fair probability that the officer could recover additional contraband in the trunk. *See Manuel*, 194 A.3d at 1081. The officer did not provide additional, specific facts to demonstrate that his search of the trunk was based on anything more than mere suspicion. *See Copeland*, 955 A.2d at 400. Accordingly, the facts of record supported the trial court's legal

conclusions, and we affirm the order granting Appellee's suppression motion.

***See Hemingway***, 192 A.3d at 129.

Order affirmed.

President Judge Emeritus Bender joins the opinion.

Judge Bowes files a dissenting opinion.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19