J-A13009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANIEL STILLWELL | : | |
| | : | |
| Appellant | : | No. 565 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 4, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001960-2018

BEFORE: BENDER, P.J.E., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED AUGUST 05, 2020**

Appellant, Daniel Stillwell, appeals from his aggregate judgment of sentence of 6½ to 13 years' incarceration, followed by 5 years' probation, imposed after he was convicted of carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), and possession of a firearm by a person prohibited, 18 Pa.C.S. § 6105(a)(1). Appellant challenges the trial court's denial of his pretrial motion to suppress. After careful review, we affirm.

Briefly, Appellant was arrested and charged with the above-stated offenses, as well as several others, after a vehicle he was driving was stopped by police and searched pursuant to a warrant, revealing a gun and a small amount of marijuana. Prior to trial, Appellant filed a motion to suppress the gun and drugs, contending that the search warrant for his vehicle was not

_____

[*] Retired Senior Judge assigned to the Superior Court.

supported by probable cause. Appellant also sought to suppress statements he made to police during the traffic stop, claiming that the officers interrogated him without providing *Miranda*[1] warnings. On June 6, 2018, the court conducted a suppression hearing and ultimately denied Appellant's motion to suppress.

Appellant's case proceeded to a bifurcated jury/non-jury trial, at the close of which the jury convicted him of carrying a firearm without a license, and the court found him guilty of possession of a firearm by a person prohibited. The court also convicted Appellant of driving the wrong way down a one-way street and possession of a small amount of marijuana. On February 4, 2019, Appellant was sentenced to the aggregate term stated *supra*. He filed a timely notice of appeal, and he also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant states two issues for our review:

> A. Did the [trial c]ourt err in denying Appellant's motion to suppress physical evidence, in determining there was probable cause to detain Appellant [and] seize his car[,] and that the four corners of the search warrant established probable cause?
>
> B. Did the [trial c]ourt err in denying Appellant's motion to suppress statements, in determining Appellant was no[t] subject to custodial interrogation, where Appellant was not free to leave, and police were asking questions for the purpose of investigating potential crimes?

Appellant's Brief at 4.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Initially, we note that:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa. Super. 2017) (cleaned up).

In this case, we begin by setting forth the facts established at the suppression hearing, which Appellant does not dispute:

> [O]n March 31, 2017, Officer [Daniel] Prior[, of the Abington Township Police Department,] observed [Appellant's] vehicle traveling in the wrong direction on a one-way street and initiated a traffic stop. (N.T. [Suppression Hearing], 6/6/18, at 30). When Officer Prior made contact with [Appellant] at the driver's side window of the vehicle, he smelled the odor of marijuana emanating from the car. (*Id.* at 34). The officer indicated this was the odor of burnt marijuana. (*Id.* at 45). Officer Prior did not display his weapon or demonstrate any use of force[,] and he was the only officer present at the scene during this initial encounter. (*Id.* at 35).

> The officer inquired as to whether [Appellant] owned this vehicle and [Appellant] responded that it was a rental vehicle. (*Id.* at 36). Officer Prior asked how long [Appellant] was in possession of the vehicle and [Appellant] indicated it had been

- 3 -

approximately thirty (30) days. (*Id.* at 32). The officer subsequently asked [Appellant] if anyone else had driven the vehicle during this time[-]period[,] and [Appellant] indicated he was the only driver. (*Id.*)[] No other officers were at the scene during this encounter and Officer Prior asked these questions in a "conversational" tone. (*Id.* at 33). [Appellant] was also cooperative at this time and answered all the officer's questions. (*Id.*)[] [Appellant] was unable to produce a driver's license but did provide his name and date of birth. (*Id.* at 36). [Appellant] also provided the rental agreement for the vehicle. (*Id.* at 57).

Officer Prior returned to his patrol car at this time and ran [Appellant's] information through his computer system. (*Id.* at 36-37). A second officer arrived at the scene during this time[-]period. (*Id.* at 37). Officer Prior again approached [Appellant's] vehicle after running his information through the computer. (*Id.*)[] The officer returned to [Appellant's] vehicle to return [Appellant's] rental agreement and to notify him of the disposition of the traffic infraction. (*Id.* at 57).

The officer also stated[,] "I'm just going to be honest with you. I smell marijuana inside the car." (*Id.* at 37). [Appellant] responded[,] "no, you don't[." Appellant]'s demeanor changed at this time. (*Id.* at 38). A third officer also arrived on the scene during this time[-]period. (*Id.* at 35). Officer Prior subsequently asked [Appellant] if he would consent to a search of the vehicle and [Appellant] refused to provide consent. (*Id.* at 37). The officer advised [Appellant] that he was free to leave and [that] the vehicle was going to be impounded pending the officer's application for a search warrant. (*Id.* at 37). [Appellant] left the vehicle, provided Officer Prior with a key … to the vehicle[,] and subsequently walked away. (*Id.* at 35, 38). At no time did authorities place [Appellant] in the back of a police car or handcuff him. (*Id.* at 38).

\*\*\*

[O]fficer [Prior] obtained a search warrant and[,] during a search of the vehicle[,] authorities located a semiautomatic hand gun under the driver's seat, a clear plastic bag containing marijuana in the glove compartment, a silver "butterfly" style knife in the center console[,] and a silver kitchen knife with a black handle on the floor in the rear passenger compartment of the vehicle.

Trial Court Opinion (TCO), 7/16/19, at 8-9.

On appeal, Appellant first contends that Officer Prior's smelling burnt marijuana was insufficient to establish probable cause to seize Appellant's vehicle and obtain a warrant to search it. He claims that this case is "easily distinguishable" from *Commonwealth v. Scott*, 210 A.3d 359 (Pa. Super. 2019), and *Commonwealth v. Copeland*, 955 A.2d 396 (Pa. Super. 2008). Appellant's Brief at 8. In those cases, this Court found that officers had probable cause to conduct warrantless vehicle searches based on factors *in addition to* a smell of burnt marijuana, such as smoke emanating from the vehicle, furtive movements by the defendants, and/or contraband in plain view. *See Scott*, 210 A.3d at 361, 364; *Copeland*, 955 A.2d at 402-03. Appellant avers that this case is not like *Scott* or *Copeland*, explaining:

> Officer Prior testified that he smelled burnt marijuana. He did not testify as to any furtive movements made by Appellant. He did not suspect Appellant to be under the influence and he was not investigating a DUI. Furthermore, although he did say the marijuana had to be smoked recently, he could not say if it was hours or days ago.
>
> Given Officer Prior's testimony that the marijuana could have been smoked days ago, and no indication of it being smoked at the time of the traffic stop, there was insufficient probable cause to seize Appellant's vehicle, and insufficient probable cause to issue a warrant to search that vehicle.

Appellant's Brief at 8-9.

Notably, Appellant's entire argument in support of his first issue consists of just eight sentences. *See id.* At no point in his argument does Appellant discuss the search warrant in any depth. For instance, he does not state what facts were set forth in the affidavit of probable cause, present any argument

that those facts were insufficient to issue the warrant, or cite any legal authority in support of this claim. Accordingly, Appellant has waived any challenge to the probable cause underlying the search warrant for lack of meaningful development. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. … [W]hen defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived.").

Additionally, Appellant has also waived his claim that Officer Prior lacked probable cause to seize his car while the officer obtained the search warrant. As the Commonwealth stresses, in Appellant's motion to suppress the physical evidence recovered from his vehicle, he solely argued that the affidavit of probable cause contained a misstatement that he "had been arrested by the Abington Police Department more than 4 times since 2011 for possession of marijuana and related offenses." Omnibus Pretrial Motion for Relief, 6/4/18, at 3. Appellant claimed that this information was false and, without it, the affidavit failed to set forth sufficient facts to establish probable cause for the warrant. *Id.* at 3-4. At the suppression hearing, the Commonwealth conceded that the language, "since 2011," was incorrect. N.T. Suppression

Hearing at 5.[2]   Thus, Appellant indicated that the singular issue before the court regarding the suppression of the physical evidence was "whether [the court should] … exclude simply 'since 2011,' or [whether] [it should] exclude that sentence in its entirety[,]" in deciding whether the warrant was supported by probable cause.   *Id.* at 5.   Appellant argued that the court must exclude the entire sentence from its probable cause determination.   *Id.*   At the conclusion of the hearing, the court ruled that it could consider the entire sentence because the error in the affidavit of probable cause was not material, and the mistake was not made in bad faith.   *Id.* at 67.   Ultimately, the court found that the search warrant was supported by probable cause.   *Id.*

It is apparent from this record that Appellant only sought the suppression of the physical evidence on the basis that the affidavit of probable cause contained an erroneous fact which, if omitted, resulted in a lack of probable cause to issue the warrant.   This is not the claim Appellant now presents on appeal, wherein he solely contends that Officer Prior's smelling burnt marijuana was insufficient to provide the officer with probable cause to seize his vehicle while obtaining the search warrant.   The suppression court never ruled on this issue below.   Consequently, we agree with the Commonwealth that it is waived.   *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

---

[2] Officer Prior testified that the affidavit should have read: "Since 2010, [Appellant] was arrested by the Abington Police Department four times for marijuana and related offenses, and he was also arrested for dealing marijuana two times." *Id.* at 23-24.

- 7 -

In Appellant's second issue, he contends that the trial court erred by denying his motion to suppress statements he made to Officer Prior because he was not provided with *Miranda* warnings prior to making those remarks. Appellant begins his three-paragraph argument with boilerplate case law pertaining to investigative detentions. *See* Appellant's Brief at 9. He then states:

> In the present case, at the time Officer Prior questioned Appellant, Appellant was not free to leave. The encounter had just begun. At that moment in time, Officer Prior had witnessed a traffic violation and smelled the odor of burnt marijuana. His questions however were not designed to investigate the traffic violation. His questions[,] which he said were department policy[,] were designed to explore "other possible crimes that may be occurring." (N.T. [Hearing at] … 30-31.) Other officers were on the way to the traffic stop, and Officer Prior's radio was on and the volume turned up so he could be in contact with those officers. ([*Id.* at] 41). It wasn't until some time thereafter, when Appellant refused consent to [a] search[,] that he was free to leave.
>
> It is clear from the record that Officer Prior's questions were intended to explore other crimes, and asked at a time when Appellant was not free to leave. As such the [t]rial [c]ourt erred in denying Appellant's motion to suppress these statements.

*Id.* at 10.

Appellant's argument is unconvincing.

> In *Miranda,* the United States Supreme Court held that a confession given during custodial interrogation is presumptively involuntary, unless the accused is first advised of his right against self-incrimination. … [*Miranda*,] 384 U.S. 436…. *Miranda* warnings are not required where the interrogation is not custodial. *Commonwealth v. Nester,* … 709 A.2d 879, 882 n.4 ([Pa.] 1998) (citations omitted). "A person is in custody for the purposes of a custodial interrogation when he is physically deprived of his freedom in any significant way or is placed in a situation in which he reasonably believes that his freedom of action or movement is

restricted by the interrogation." *Id.* (citation omitted). Police detentions become custodial when under the totality of the circumstances the conditions and/or duration of the detention become so coercive as to become the functional equivalent of arrest. *Commonwealth v. Busch*, 713 A.2d 97, 100 (Pa. Super. 1998) (citing *Commonwealth v. Ellis*, … 549 A.2d 1323 ([Pa. Super.] 1988)).

> Among the factors the court utilizes in determining, under the totality of the circumstances, whether the detention became so coercive as to constitute the functional equivalent of arrest are: the basis for the detention; the location; whether the suspect was transported against his will; how far, and why; whether restraints were used; the show, threat or use of force; and the methods of investigation used to confirm or dispel suspicions.

*Busch*, 713 A.2d at 101 (quoting *Commonwealth v. Peters*, … 642 A.2d 1126, 1130 ([Pa. Super.] 1994) (*en banc*)).

*Commonwealth v. DiStefano*, 782 A.2d 574, 579-80 (Pa. Super. 2001).

Additionally, as the trial court aptly summarized:

"The usual traffic stop constitutes an investigative rather than a custodial detention, unless, under the totality of the circumstances, the conditions and duration of the detention become the functional equivalent of an arrest." *Commonwealth v. Mannion*, 725 A.2d 196, 202 (Pa. Super. 1999) (citing *Commonwealth v. Haupt*, 567 A.2d 1074, 1078 (Pa. Super. 1989)). During these traffic stops, officers are permitted to ask basic investigative questions. *Pennsylvania v. Bruder*, 488 U.S. 9, 10 … (1988).

"Since an ordinary traffic stop is typically brief in duration and occurs in public view, such a stop is not custodial for *Miranda* purposes." *Mannion*, [725 A.2d] at 202. "If a motorist who has been detained pursuant to a traffic stop thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by *Miranda*." *Berkemer v. McCarty*, 468 U.S. 420, 440 … (1984).

"An ordinary traffic stop becomes 'custodial' when the stop involves coercive conditions, including, but not limited to, the suspect being forced into a patrol car and transported from the scene or being physically restrained. Such coercive conditions

constitute 'restraints comparable to arrest' so as to transform the investigative nature of an ordinary traffic stop into custodial interrogation.["] *Mannion*, [725 A.2d] at 202.

TCO at 6-7.

Applying this law to the present facts, the trial court concluded that no *Miranda* warnings were required. It reasoned:

> There is no indication that Officer Prior's interaction with [Appellant] was anything more than an ordinary traffic stop in which the officer asked [Appellant] basic investigative questions, including questions about his use of the vehicle. Authorities did not subject [Appellant] to any coercive conditions[,] such as placing him into a patrol car or physically restraining him. Officer Prior questioned [Appellant] in plain view of passing motorists and no show of force was ever demonstrated by this officer or the other officers on the scene. [Appellant] was free to leave and, in fact, did walk away from the scene after Officer Prior stated the car would be impounded. The totality of the circumstances demonstrates [Appellant's] traffic stop was not a custodial detention or the functional equivalent of an arrest[,] and the questions asked were merely basic investigative questions which did not constitute an interrogation. Therefore, authorities were not required to administer *Miranda* warnings to [Appellant] and his statements regarding the exclusive use of his rental car were admissible at trial.

*Id.* at 9-10 (citations omitted).

We discern no legal error in the court's analysis. The totality of the circumstances discussed by the court demonstrate that the traffic stop was not so coercive as to amount to the functional equivalent of an arrest. Therefore, no *Miranda* warnings were required, and the court properly denied Appellant's motion to suppress.

Judgment of sentence affirmed.

- 10 -

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/5/2020*