J-S44002-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL ASH CHRISTENSEN | : | |
| | : | |
| Appellant | : | No. 535 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 9, 2020
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000205-2018

BEFORE:  BENDER, P.J.E., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:  **FILED NOVEMBER 18, 2020**

Appellant, Michael Ash Christensen, appeals from the judgment of sentence of two, one-year terms of probation, imposed after a jury convicted him of several drug offenses.  In this appeal, Appellant challenges the trial court's order denying his motion to suppress the seized contraband.  After careful review, we affirm.

The trial court summarized the facts ascertained at the suppression hearing as follows:

> Officer Dan Embeck of the Milton Borough Police Department was on duty on February 22, 2018, when a call came f[ro]m the manager of a local bar.  She explained that there are rooms above the bar for rent on a weekly or monthly basis.  The manager told Officer Embeck that there were two persons who were not residents there[,] and these persons were smoking marijuana. When Officer Embeck responded to the call[,] he encountered [Appellant] walking out the door carrying two bags.  The manager of the bar was following [Appellant] and indicating to the officer that this was the man she called about.  Immediately Officer Embeck detected a smell of burnt marijuana coming from

[Appellant].  When the [o]fficer explained why he was there[,] [Appellant] replied that he did not smoke marijuana.  [Appellant] provided identification to the officer upon request.  As [Appellant] was heading to his car[,] he asked the officer to help him carry some of his bags.  Officer Embeck helped carry the bags with [Appellant] and asked him if he could search the bags. [Appellant] gave his consent to the search of the bags.  The [o]fficer did not find anything in the bags.  Officer Embeck then asked and was given permission to search [Appellant]'s vehicle.  When the officer opened the front door of the car[,] he smelled a distinct odor of fresh marijuana.  When his search of the vehicle's interior revealed no marijuana[,] the officer told [Appellant] that he was going to search the trunk because he believed that[,] based on the odor of unburnt marijuana[,] he had probable cause for the search.  Upon opening the trunk[,] Officer Embeck saw a soft[-]sided lunch box. When he opened the lunch box he found baggies containing marijuana, drug paraphernalia[,] and a prescription bottle with pills in it.

Trial Court Opinion ("TCO"), 6/8/20, at 1 (citations omitted) (unnumbered pages).

The Commonwealth charged Appellant with possession with intent to deliver a controlled substance,[1] possession of drug paraphernalia,[2] and two counts of possession of a controlled substance.[3]  Appellant filed a motion to suppress the seized contraband, and a suppression hearing was held on December 20, 2018, following which the trial court denied Appellant's suppression motion.  A jury trial, held on November 22, 2019, resulted in Appellant's conviction for possession of marijuana, Lorazepam, and drug paraphernalia.  The jury acquitted Appellant of the charge of possession with

---

[1] 35 Pa.C.S. § 780-113(a)(30).
[2] 35 Pa.C.S. § 780-113(a)(32).
[3] 35 Pa.C.S. § 780-113(a)(16).  The Commonwealth charged Appellant with separate possession offenses for marijuana and Lorazepam.

- 2 -

intent to deliver. On April 16, 2020, the trial court sentenced Appellant to an aggregate term of two years' probation. Appellant did not file a post-sentence motion.

Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on June 8, 2020. Herein, Appellant raises the following questions for our review:

> 1. Whether the trial court erred/abused its discretion in denying [Appellant]'s suppression motion?
>
> 2. Whether the trial court erred/abused its discretion in applying the automobile exception when [Appellant] had withdrawn his consent to search?

Appellant's Brief at 6.

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Jones*, 988 A.2d 649, 654 (Pa. 2010) (cleaned up).

Here, the trial court determined that probable cause to search Appellant's trunk arose after Officer Embeck failed to locate the source of the odor of unburnt marijuana he detected when searching the interior of Appellant's vehicle. *See* TCO at 3 (unnumbered pages). The court reasoned:

> Finding nothing in the vehicle's interior but realizing the smell of unburnt marijuana was certainly emanating from somewhere in the vehicle, the strong smell of marijuana in the vehicle's interior coupled with the lack of any marijuana therein created the requisite probable cause for the search of the trunk. The Pennsylvania Supreme Court has held that an odor may be sufficient to establish probable cause. *See Commonwealth v. Stoner*, 344 A.2d 633, [635 (Pa. Super. 1975) (citing *United States v. Ventresca*, 380 U.S. 102, (1965); and *Johnson v. United States*, 333 U.S. 10 (1948))]. We find that the [o]fficer had sufficient probable cause to search the trunk of the vehicle based upon the strong odor of unburnt marijuana he detected when searching the vehicle[']s interior with consent from [Appellant].

*Id.*

Appellant first argues that Officer Embeck lacked probable cause to search his trunk, relying primarily on this Court's decision in *Commonwealth v. Scott*, 210 A.3d 359 (Pa. Super. 2019). There, we explained:

> The level of probable cause necessary for warrantless searches of automobiles is the same as that required to obtain a search warrant. Probable cause does not demand the certainty we associate with formal trials. Rather, a determination of probable cause requires only that the totality of the circumstances demonstrates a fair probability that contraband or evidence of a crime will be found in a particular place. The evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer.

*Id.* at 363 (cleaned up).

- 4 -

In **Scott**, police stopped the defendant's vehicle for a motor vehicle code infraction. **Id.** at 361. When the police officer approached Scott's vehicle, he detected the odor of burnt marijuana, and could see smoke emanating from the car. **Id.** Based on those observations, the officer searched the interior of the vehicle, where he discovered a marijuana blunt and a jar containing marijuana. The officer then searched the trunk, where a firearm was discovered.

Scott sought suppression of the seized contraband, and the suppression court granted his motion with respect to the firearm discovered in the trunk. The Commonwealth appealed, arguing that probable cause to search the trunk existed because of the discovery of drugs in the passenger compartment. This Court affirmed, stating that "the odor of burnt marijuana and small amount of contraband recovered from the passenger compartment of the vehicle did not create a fair probability that the officer could recover additional contraband in the trunk." **Id.** at 365. The **Scott** Court reasoned that once the officer discovered the obvious source of the smoke and odor of burnt marijuana, he had nothing more than a hunch that additional contraband would be discovered in the trunk. **Id.** at 364-65.

**Scott** is factually distinguishable from the instant case. In **Scott**, the odor of burnt marijuana emanated from the vehicle, whereas here, Officer Embeck detected the odor of burnt marijuana on Appellant when he was outside of his vehicle. In **Scott**, the officer discovered the source of the odor in the passenger compartment of Scott's car. Here, Officer Embeck

encountered a new odor of unburnt marijuana in the vehicle, but did not discover its source. When the officer in **Scott** decided to search the trunk, the suspicion that more contraband would be discovered had been significantly diminished by the prior discovery in the passenger compartment. Here, Officer Embeck's initial search fostered even more suspicion that contraband would be discovered in Appellant's trunk. Thus, Appellant is not entitled to relief based on the **Scott** decision.[4]

Next, Appellant argues that there were no exigent circumstances to justify the search of his trunk without a warrant, and, relatedly, that the automobile exception to the warrant requirement did not apply. In **Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014), our Supreme Court held "that with respect to a warrantless search of a motor vehicle that is supported by probable cause, Article I, Section 8 of the Pennsylvania Constitution affords no greater protection than the Fourth Amendment to the United States Constitution." **Id.** at 104. The **Gary** Court therefore adopted "the federal

---

[4] This Court recently clarified that "the odor of marijuana does not *per se* establish probable cause to conduct a warrantless search of a vehicle[,]" especially in light of Pennsylvania's medical marijuana laws; however, it is still factor that, in conjunction with other circumstances, *may* establish probable cause. **Commonwealth v. Barr**, --A.3d-- 2020 WL 5742680, at *1 (Pa. Super. filed Sept. 25, 2020). Here, Appellant makes no argument that probable cause was lacking beyond his reference to the **Scott** case, which stands for the general proposition that once probable cause is established, it may dissipate given further developments. Nowhere in Appellant's brief does he suggest that the detection of the odor of burnt marijuana on his person, and the subsequent discovery of the odor of unburnt marijuana in his vehicle, in conjunction with other circumstances in this case, failed to establish probable cause to search his trunk.

automobile exception to the warrant requirement, which allows police officers to search a motor vehicle when there is probable cause to do so and does not require any exigency beyond the inherent mobility of a motor vehicle." *Id.* Thus, if the automobile exception applies in this case, no separate finding of exigency was required for Officer Embeck to search Appellant's trunk once probable cause was established.

The entirety of Appellant's argument regarding the automobile exception is as follows:

> Appellant avers the automobile exception was not applicable in this case. At no point was [he] alleged to have operated the vehicle. The vehicle was not running when the search occurred and it was not investigated to determine if the vehicle was warm. The vehicle was legally parked outside of an apartment complex.
>
> Under [*Commonwealth v.*] *Loughnane*, [173 A.3d 733 (Pa. 2017),] "the automobile exception to the warrant requirement does not apply to a vehicle parked on a defendant's private residential driveway, [and] warrantless searches and/or seizures of an automobile must be supported by both probable cause and exigent circumstances." []*Loughnane*, 173 A.3d at 733. [*sic*][5]
>
> [Appellant] was parked in a parking lot that is used by the apartment complex. [Appellant] was not even in his vehicle when approached by the officer. [Appellant] was compliant with all requests of the officer until the command to open his trunk.
>
> Th[is C]ourt should find the automobile exception was not applicable in this case as there was not probable cause and/or exigent circumstances.

Appellant's Brief at 11-12.

_____

[5] Appellant's ostensible quotation from *Loughnane* is, in fact, a quotation of the Westlaw Headnote to *Loughnane*. Nevertheless, it fairly represents the holding in that case.

Appellant's reliance on **Loughnane** is misplaced. In that case, police were investigating a hit-and-run homicide involving a truck. The attention of the police were drawn to a truck in Loughnane's driveway, which had been identified by a witness to the hit and run. Police seized the truck without a warrant, discovering evidence that connected the truck to the scene of the crime and, therefore, pointing to Loughnane's involvement. **See Loughnane**, 173 A.3d at 735-36.

Loughnane sought suppression of evidence obtained from the search of his truck, arguing that there were no exigent circumstances justifying the warrantless seizure. The trial court granted suppression, and the Commonwealth appealed. This Court decided that the automobile exception applied, reasoning "the automobile exception, as adopted in **Gary**, applied to vehicles parked in private driveways and thus eliminated the need for the Commonwealth to make any separate showing of exigency…." **Id.** at 740.

Our Supreme Court reversed, holding that the automobile exception does not apply in private residential driveways. **Id.** at 745. The **Loughnane** Court explained that

> it is clear that the dual bases underlying the automobile exception to the warrant requirement are inapposite to vehicles parked in a defendant's residential driveway. Absent exigent circumstances, the concern about the inherent mobility of the vehicle does not apply, as the chance to search and/or seize the vehicle is not fleeting. The vehicle is parked where the defendant lives and it will typically either remain there or inevitably return to that location.
>
> Moreover, because the vehicle is parked on a private residential driveway, the reduced expectation of privacy in a vehicle that has

been recognized by the [United States Supreme] Court likewise does not pertain. The "public nature of automobile travel" as it "travels public thoroughfares" plainly has no application to a car parked in a person's driveway.

*Id* (citations omitted).

Here, as explained by the Commonwealth, **Loughnane**

is distinguishable from the facts in the present case, where … Appellant's vehicle was parked in a public parking lot which was used by patrons of a bar as well as those [who] rent rooms above. In addition, there was another building that shared the parking lot with Speedy's Place. This parking lot was "not regularly used for residential purposes" as the Court in **Loughnane** discussed was a situation where the automobile exception would apply. **Id.**[] at 742. The Court in **Loughnane** also discussed a U.S. Supreme Court case, **Florida v. White**, 526 U.S. 559 (1999), where the automobile exception was found to have applied to a vehicle that was parked in a restaurant parking lot. **Loughnane**, 173 A.3d at 743. This factual scenario closely matches the facts in the present case, and as such, the automobile exception should [not] apply in the present case. The parking lot was a public parking lot, and as such, the automobile exception does apply, as held under **Gary**, 91 A.3d at 138.

Commonwealth's Brief at 7-8.

We agree with the Commonwealth. There is no evidence of record indicating that Appellant's vehicle was located in a private residential driveway or in an analogous location. At the suppression hearing, Officer Embeck testified that Appellant's vehicle was parked in a parking lot adjacent to a bar. N.T. Suppression, 12/20/18, at 8-9. Although there were rooms for rent above the bar, the officer indicated that "patrons for the bar parked there and so do the people that live there. That's where everyone parks." **Id.** at 9. Moreover, the bar's manager indicated to the officer that Appellant did not reside in the rooms for rent. **Id.** at 4. Thus, it would not have been reasonable

for Officer Embeck to assume that Appellant's vehicle was located "where [Appellant] lives and it will typically either remain there or inevitably return to that location." **Loughnane**, 173 A.3d at 745.

Appellant also argue that the automobile exception does not apply because he was not driving the vehicle when Officer Embeck encountered him. However, Appellant cites no cases to support this assertion. Further, when encountered by the officer, Appellant was walking towards his car with the apparent intent to depart in it. At the point when Officer Embeck decided to search Appellant's trunk, this case was not factually distinguishable from a case where a police-citizen encounter began instead with a traffic stop, in that Appellant could have immediately departed in the vehicle had the officer disengaged from the encounter. In **Loughnane**, by contrast, the police knew both the vehicle and the home to which the private driveway was attached was owned by Loughnane, and they waited several hours, during which time they were unable to locate Loughnane, before they seized his truck. **Id.** at 735-36.

Accordingly, we conclude that the automobile exception applies in this case and, as such, Officer Embeck was permitted to search Appellant's trunk without a warrant once probable cause was established. No other exigent circumstances were necessary to justify the warrantless search. Thus, Appellant's second claim also lacks merit.

Judgment of sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/18/2020