J-S52017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KYLE MARCEL PAGE | : | |
| | : | |
| Appellant | : | No. 2942 EDA 2019 |

Appeal from the Judgment of Sentence Entered July 2, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0002704-2017

BEFORE: PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

CONCURRING AND DISSENTING MEMORANDUM BY McCAFFERY, J.:

Filed: November 4, 2021

I agree with the Majority's determination that the consolidation of Appellant's charges for a January 27, 2017, theft and a February 20, 2017, robbery was proper. However, I believe Appellant is entitled to relief on his suppression issue, as I would agree that under the particular facts presented, the detective lacked probable cause to search his vehicle. Thus, regardless of whether we apply the former rule under ***Commonwealth v. Gary***, 91 A.3d 102 (Pa. 2014) (plurality), or the current law of ***Commonwealth v. Alexander***, 243 A.3d 177 (Pa. 2020), I would reverse the order denying his suppression motion, vacate the judgment of sentence, and remand for a new trial. Accordingly, I respectfully concur in part and dissent in part.

_____

[*] Former Justice specially assigned to the Superior Court.

I incorporate the Majority's discussion of the law concerning probable cause and the justification required to conduct a warrantless search of a vehicle. *See* Majority Memo. at 15, 20. I also consider the following evidence in detail.

On the morning of February 20, 2017, an armed and masked assailant entered a Metro PCS store and stole nine phones and money from the register. Trial Ct. Op., 8/6/20 at 2. The assailant entered the driver's seat of a white Ford Fusion and fled the scene. *Id.* Later that same day, Tullytown Police Detective Timothy Carroll went to the St. Mary's Hospital parking lot and met Chief Daniel Doyle, Detective Eric Landamia, and Appellant. N.T., 12/4/18, at 19-20. During this meeting, Detective Carroll learned from Chief Doyle there was an armed robbery where phones were stolen "[a]bout three hours" earlier and about "eight miles or 20 minutes" away from the meeting point. *Id.* at 22, 28, 44. Detective Carroll testified that he learned from Chief Doyle that Appellant "either left with the [perpetrator, or] had contact with the [perpetrator]." *Id.* at 23. However, Chief Doyle did not recall telling Detective Carroll that Appellant had "[driven] anyone to [the] location [of the robbery.]" N.T. 12/5/18, at 44-45. After the robbery, Appellant contacted the Tullytown Police, stating he had information about the robbery and wanted to "cooperate." N.T. 12/4/18, at 23-24.

In the parking lot, Detective Carroll discussed the robbery with Appellant, who admitted the vehicle he was driving, a white Ford Fusion owned by his girlfriend, was at the scene of the robbery. N.T. 12/4/18, at 24, 55.

Appellant played a voicemail for the officers, ostensibly to show he "was merely a provider of transportation" to the perpetrator. *Id.* at 24, 27. However, Detective Carroll believed the voicemail to be from Appellant, not the alleged perpetrator, and became "skeptical" of the information Appellant provided. *Id.* at 19, 24. Appellant advised the officers that he had to leave, but agreed to meet later. *Id.*

Before Appellant could leave the St. Mary's Hospital parking lot, Detective Carroll conducted a warrantless search of the "cab portion of the vehicle, front, rear seats, and [ ] the trunk[ ]" for a handgun. N.T., 12/4/18, at 25. Appellant did not consent to the search, and as noted, the officers did not have a search warrant. *See id.* at 38. Inside the trunk, Detective Carroll found six "new condition" iPhones and an empty iPhone box in a child's backpack along with "some loose cash" in the glove compartment. *Id.* at 26-27. No handgun was recovered. *Id.* at 27.

Appellant filed an omnibus motion to suppress the physical evidence found in the trunk of the vehicle, arguing the officers searched the vehicle "without consent, authorization, exigent circumstances, **probable cause**, or a valid warrant." Trial Ct. Op at 4 (emphasis added). At the suppression hearing, Appellant argued the only information he provided to Detective Carroll **prior** to the search was that "there was a robbery, someone else committed the robbery, [and Appellant] fled from the scene of the robbery." N.T., 12/5/18, at 17. Appellant argued that this information did not establish probable cause justifying a warrantless search of the vehicle. *Id.* at 16.

- 3 -

Instead, Appellant contended, Detective Carroll's information or knowledge was limited to the fact that Appellant had "left the scene where [ ] a crime had occurred [ ] four hours earlier, but [did] not include that the individual who committed the robbery was ever in the car, that [the] gun was ever in the car, [or that] any proceeds" from the robbery were in the car. *Id.* at 47.

The following day, December 5, 2018, the trial court denied Appellant's motion to suppress the evidence found in the car, concluding there was probable cause. The court found that from Appellant's phone conversation, Chief Doyle "knew [ ] that someone else was involved, and [Chief Doyle would have shared that information] with Detective Carroll in the normal course of things[.]" N.T. 12/5/18, at 61. Furthermore, the court found, pursuant to then-in effect *Gary*, the automobile exception for a warrantless search applied, stating "[n]o exigency beyond the inherent mobility of the motor vehicle is required." *Id.* at 60.

On appeal, Appellant argues the search of the vehicle was not supported by probable cause, a warrant, or consent, and thus the trial court erred in denying his motion to suppress. Appellant's Brief at 14. Appellant maintains the "totality of the circumstances [does] not demonstrate a fair probability" that any evidence would be present in the car at the time of the search. *Id.* Appellant states the search was conducted at a meeting he requested with the officers "three and one-half hours after the robbery and approximately 8 miles or a 20 minute drive from the scene of the robbery." *Id.* at 15. Appellant contends "Detective Carroll lacked any independent probable cause that could

possibly justify a search." *Id.* at 15-16. Instead, Appellant claims, Detective Carroll only received information that: a single perpetrator committed the armed robbery at the Tullytown Metro PCS; Appellant had information regarding the robbery that he wanted to share with the officers; no one communicated to Detective Carroll that the perpetrator was ever in Appellant's car; and Detective Carroll had no information leading him to believe any weapons or evidence were in the car at the time of the warrantless search. *Id.* at 15.

Under the totality of the circumstances — the amount of time and distance between the robbery and the search, Appellant's assertion another person committed the robbery, his willingness to cooperate with police regarding that information, and the lack of any indication that proceeds or weapons were in the vehicle — I would conclude the trial court erred in finding Detective Carroll had probable cause to conduct a warrantless search of Appellant's vehicle. On the particular facts presented, I would conclude the officer merely acted on a hunch. *See Commonwealth v. Scott*, 210 A.3d 359, 363 (Pa. Super. 2019) ("[T]he evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer."). The information Detective Carroll possessed, before the search, did not amount to probable cause.

Accordingly, I would conclude Appellant is entitled to relief, whether we apply *Gary*, which required only probable cause for a warrantless search, or *Alexander*, which requires both probable cause and exigent circumstances.

*See Alexander*, 243 A.3d at 207 ("[W]e return to the pre-*Gary* application of our limited automobile exception under Article I, Section 8 of our Constitution, pursuant to which warrantless vehicle searches require **both** probable cause and exigent circumstances; "one without the other is insufficient.").

In any event, I further depart from the Majority's conclusion that Appellant did not preserve any challenge under *Alexander*. As both the trial court and the Majority point out, Appellant's omnibus motion to suppress averred that the officers searched the vehicle "without consent, authorization, **exigent circumstances**, probable cause, or a valid warrant." *See* Trial Ct. Op at 4 (emphasis added); *see also* Majority Memo. at 3. The Majority characterizes this motion as merely making "a passing reference to exigent circumstances," and points out that Appellant "did not challenge the trial court's application of the *Gary* automobile exception." Majority Memo. at 19.

However, I would conclude Appellant sufficiently argued a lack of exigent circumstances in this matter. Appellant's counsel, as an officer of the court, was bound to argue the law as they understood it, and as it existed, at the time of the suppression hearing. Appellant did argue a lack of exigent circumstances; I would not find waiver based on the fact that he did not further argue *Gary*, then in effect, should not apply.

Having concluded Appellant sufficiently preserved a challenge under *Alexander*, I would further agree with the merits of his argument — that the suppression hearing evidence did not establish exigent circumstances. Here,

it was Appellant who contacted Chief Doyle, informing him that he wished to provide information about the robbery. Appellant met the officers at a hospital parking lot, three to four hours after the robbery, and had agreed to meet them again. The Commonwealth presented no evidence of exigent circumstances to justify a warrantless search of the vehicle. *See Alexander*, 243 A.3d at 207-08.

In sum, I agree with the Majority that consolidation of Appellant's January theft and February robbery charges was proper. However, I would reverse the order denying Appellant's motion to suppress, vacate the judgment of sentence, and remand for a new trial.

For these reasons, I respectfully concur in part and dissent in part.

President Judge Panella did not join this concurring/dissenting memorandum.

President Judge Emeritus Stevens did not join this concurring/dissenting memorandum.